■ JOSEPH SIRAGUSA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 65053.) Judgment unanimously affirmed, without costs. Memorandum: The court did not err in dismissing the claims under Labor Law §§ 200, 240 (1); § 241 (6). The claims pursuant to Labor Law §§ 200, 241 (6) are subject to the defense of comparative negligence and require

inquiry into the correlation of negligence and comparative negligence in causing the injuries complained of *(Long v Forest-Fehlhaber,* 55 NY2d 154, 159-161; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290). The evidence supports the trial court's conclusion that the accident did not result from any negligence on the part of the State, but from claimant's negligence in driving off the shoulder. Labor Law § 240 (1) is inapplicable to this case. The statute is addressed to situations in which a worker is exposed to the risk of falling from an elevated work site or being hit by an object falling from an elevated work site *(see, Kahn v Gates Constr. Corp.,* 103 AD2d 438, 441-447; *Nagel v Metzger,* 103 AD2d 1, 10; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 74-75, *appeal dismissed* 60 NY2d 701). The contour of the highway cannot be equated with an elevated work platform or structure within the contemplation of the statute. To so hold would be to "strain the language of the statute * * * 'so as to establish a cause of action and right of recovery not contemplated by the Legislature' " *(DaBolt v Bethlehem Steel Corp., supra,* p 75). (Appeal from judgment of Court of Claims, McMahon, J.— negligence.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.