■ Gino Litizia et al., Respondents, v Jonathan Woodner Co. et al., Appellants, et al., Defendant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered July 8, 1988, which, *inter alia,* granted plaintiffs-respondents' motion for partial summary judgment on the issue of liability, unanimously modified, on the law, to deny the motion for partial summary judgment, to reinstate the affirmative defenses of comparative negligence, and otherwise affirmed, without costs.

Plaintiff-respondent Gino Litizia was injured when a piece of lumber fell about 14 stories and struck him on the back of the head while he was working at the rear of a construction site in Queens. At the time of the incident, employees of defendant-appellant Technical Concrete Corp., a subcontractor, were stripping wood from concrete columns on the fourteenth floor and another subcontractor was performing carpentry work. Respondent brought this personal injury action against Technical Concrete Corp. and defendant-appellant Jonathan Woodner Co., the general contractor, alleging violation of Labor Law § 240 (1), the Scaffolding Law. The statute requires all contractors to provide scaffolding and other devices to give proper protection to workers engaged in erecting, demolishing, repairing or altering a building. No scaffolding or other protective device was in place at the rear of the site when respondent was injured.

Supreme Court granted respondents' motion for partial summary judgment on the issue of liability, finding that

appellants had violated the statute and their violation was the proximate cause of respondent's injury. In a recently decided case, *Yaeger v New York Tel. Co.* (148 AD2d 308, 312 [1st Dept 1989]), three Justices of this court held that Labor Law § 240 (1) was to be invoked "where an employee's injury is somehow related to work performed at heights". The *Yaeger* court also endorsed the Fourth Department's reading of the statute given in *Siragusa v State of New York* (117 AD2d 986, 987 [4th Dept 1986]) wherein it was held that the statute applies "to situations in which a worker is exposed to the risk of falling from an elevated work site or being hit by an object falling from an elevated work site".

Although respondents have validly stated a claim against the general contractor predicated on the violation of section 240 (1), the question of whether the statutory violation was the proximate cause of injury is for the jury to determine unless "there is no view of the evidence at trial to support a finding that the absence of safety devices was not a proximate cause of the injuries" *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]). To grant summary judgment at this point in the proceedings was therefore premature. As to appellant Technical Concrete Corp., there is an additional question as to whether this subcontractor was the "agent" of the owner or general contractor in the sense that Technical Concrete Corp. could have avoided or corrected the unsafe condition because it had control of the work site and could have positioned scaffolding or other protective devices where needed, or because it had the authority to direct respondent to work elsewhere. *(Russin v Picciano & Son,* 54 NY2d 311, 317-318 [1981]; *Fox v Jenny Eng'g Corp.,* 122 AD2d 532 [4th Dept 1986]; *Nowak v Smith & Mahoney,* 110 AD2d 288, 289 [3d Dept 1985].) Concur—Murphy, P. J., Ross, Carro, Rosenberger and Smith, JJ.