■ ROBERT E. KELLEHER et al., Respondents-Appellants, v FIRST PRESBYTERIAN CHURCH OF LOCKPORT et al., Appellants-Respondents. ROBERT E. KELLEHER et al., Respondents-Appellants, v C.F. WOLCOTT EXCAVATING, INC., Appellant-Respondent. CLYDE F. WOLCOTT, Third-Party Plaintiff-Appellant-Respondent, v J.W. CRISWELL, INC., Third-Party Defendant-Appellant-Respondent.—

Although defendants and third-party defendant employer each may have a duty to insure that plaintiff has a safe place to work, that duty does not, under the factual circumstances of this case, arise under Labor Law § 240 (1) (see, Staples v Town of Amherst, 146 AD2d 292). Thus, Supreme Court properly denied plaintiffs' motion for summary judgment against the owner, lessee and excavator on the issue of liability under section 240 (1) and properly granted the excavator's motion for dismissal of plaintiffs' section 240 (1) claim. However, the court erred in not dismissing the section 240 (1) claim against the owner and lessee.

The work being performed by plaintiff in the excavated site does fall within the purview of Labor Law § 241 (6) (see, Copertino v Ward, 100 AD2d 565, 567-568). Section 241 of the Labor Law imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection to

workers *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300-301) making them "responsible for a breach of the requirements of the statute irrespective of their control or supervision of the work site" *(DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 73, *lv dismissed* 60 NY2d 554, *lv and appeal dismissed* 60 NY2d 701; *see also, Nagel v Metzger,* 103 AD2d 1, 6). However, comparative negligence is a defense to an action based upon Labor Law § 241 (6) *(Long v Forest-Fehlhaber,* 55 NY2d 154, 160-161; *Siragusa v State of New York,* 117 AD2d 986, *lv denied* 68 NY2d 602). Plaintiffs have advanced a plausible claim for defendants' liability under section 241 (6). On the other hand, plaintiffs' comparative negligence was properly asserted by defendants in their affirmative defenses. Thus, Supreme Court's dismissal of the affirmative defenses of culpable conduct must be reversed and the defenses reinstated. In all other respects the court's determination should be affirmed. (Appeal from order of Supreme Court, Niagara County, Koshian, J.— dismiss affirmative defenses.) Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.