■ JANET ROOT, Individually and as Conservator of HOWARD ROOT, an Incompetent, Respondent-Appellant, v COUNTY OF ONONDAGA et al., Appellants-Respondents. CITY OF SYRACUSE, Third-Party Defendant-Appellant, et al., Third-Party Plaintiff.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court properly granted defendants' motions for summary judgment dismissing plaintiffs' claim based upon an alleged violation of Labor Law § 240 (1).

We have consistently held that absolute liability under that section may be imposed only upon a showing that the injured worker fell from an elevated work surface or was struck by an object falling from an elevated work surface *(see, Staples v Town of Amherst,* 146 AD2d 292, 293; *Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761; *Siragusa v State of New York,* 117 AD2d 986, *lv denied* 68 NY2d 602; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554). Here, the "falling worker or objects" test was not satisfied because Howard Root's injuries were sustained when the underground concrete lined vault or structure in which he was working was suddenly inundated with water causing him to be trapped beneath the surface. Additionally, for the reasons hereinafter stated, plaintiffs may not assert a cause of action against defendants predicated upon a violation of Labor Law § 241 (6).

Supreme Court erred by denying defendants' motion for summary judgment seeking dismissal of plaintiffs' claims based upon alleged violations of Labor Law §§ 200 and 241 (6). Labor Law § 241 (6) imposes a nondelegable duty on owners and general contractors to provide reasonable and adequate protection to workers, and renders them liable for injuries proximately caused by a violation of the statutory duty, irrespective of their control or supervision of the worksite *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300-301, *rearg denied* 45 NY2d 776; *Kelleher v First Presbyt. Church,* 158 AD2d 946, 946-947, *lv dismissed* 75 NY2d 947). Here, defendants had no ownership interest in the property where the accident occurred *(see, Celestine v City of New York,* 59 NY2d 938; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 414-416). Moreover, with respect to Murnane-Kosoff, the general contractor, the work being performed by Howard Root at the time the accident occurred was not within the scope of the contract that it entered into with the County of Onondaga and therefore does not fall within the purview of Labor Law § 241 (6) *(see, Allen v Cloutier Constr. Corp., supra; cf., Kelleher v First Presbyt. Church, supra).* Further, Malcon Developers, Inc., and Edward Joy Company, Inc., the subcontractors, lacked authority to supervise or control the work at the accident site and had not contracted with third-party defendant City of Syracuse to perform repairs to its water main system. Therefore, they cannot be held liable under Labor Law § 241 (6) *(see, Russin v Picciano & Son,* 54 NY2d 311). Accordingly, we conclude that defendants have no liability as "contractors and owners and their agents" under section 241

(6) or under section 200 of the Labor Law *(see, Allen v Cloutier Constr. Corp., supra,* at 299) and we modify Supreme Court's order by dismissing the complaint in its entirety. (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.— Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.