■ MAURO FRANCIOSA et al., Respondents-Appellants, v 145 SOUTH FIFTH CORP. et al., Appellants-Respondents and Third-

Party Plaintiffs-Appellants-Respondents. TROLAND, INC., Third-Party Defendant-Respondent. [680 NYS2d 512] —Order, Supreme Court, Bronx County (George Friedman, J.), entered January 26, 1998, which denied the motion of defendants and third-party plaintiffs, 145 South Fifth Corp. and Ecker Brothers, Inc. (hereinafter defendants), for summary judgment on the issue of common-law indemnity against third-party defendant Troland, Inc. (hereinafter Troland), and denied plaintiffs' cross motion for partial summary judgment against defendants pursuant to Labor Law § 240, unanimously reversed, on the law, without costs, the motions granted, and the matter remitted to the Supreme Court for further proceedings.

The motion court erred in denying plaintiffs' cross motion for summary judgment on their cause of action pursuant to section 240 (1) of the Labor Law. Plaintiffs established that the injury was the direct result of a gravity-related accident in which an unsecured metal beam fell onto a scaffold that was inadequate to protect plaintiff from harm (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Litizia v Woodner Co.*, 150 AD2d 274).

Likewise, the IAS Court erred in denying defendants' motion for summary judgment against Troland on their cause of action for common-law indemnity. Defendants did not exercise any control or supervision over the subject construction. It is undisputed that employees of Troland removed bricks that had held the metal beam in place and then failed to secure the steel in any manner before allowing plaintiff to commence work. Accordingly, defendants are entitled to common-law indemnity from Troland (*Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156). Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.