[707 NYS2d 70]

ZACHARY BALTHAZAR et al., Respondents, v FULL CIRCLE CONSTRUCTION CORP. et al., Appellants.

FULL CIRCLE CONSTRUCTION CORP., Third-Party Plaintiff-Appellant-Respondent, v CAPITOL FIRE SPRINKLER CO., INC., Third-Party Defendant-Respondent-Appellant.

First Department, April 25, 2000

### APPEARANCES OF COUNSEL

*Ellen Sackstein* of counsel, Garden City (*Sackstein, Sackstein & Sackstein, L. L. P.,* attorneys), for respondents.

*Robert I. Elan,* New York City, for Full Circle Construction Corp., appellant and third-party plaintiff-appellant-respondent.

*Christopher A. South* of counsel, New York City (*Law Office of Tromello & Siegel,* attorneys), for Richard Levine, appellant.

*John P. Sipp, Jr.,* of counsel, New York City (*McMahon, Martine & Gallagher,* attorneys), for third-party defendant-respondent-appellant.

### OPINION OF THE COURT

ROSENBERGER, J. P.

On December 15, 1994, plaintiff Zachary Balthazar, a plumber, fell from an allegedly defective ladder while installing a fire sprinkler system in a building owned by defendant Richard Levine. Levine was also the president of Capitol Fire Sprinkler Co., Inc., the company which employed Balthazar. Capitol was the lessee occupying the half of the building where Balthazar was working. He fell because the base of the ladder allegedly had no rubber safety shoes to provide traction and prevent the ladder from slipping.

Plaintiffs brought the instant action against Levine, as owner, and against Full Circle Construction Corp., whom Capitol had retained to act as construction manager for certain renovations of the interior and exterior of the building. The complaint alleged violations of Labor Law §§ 200 and 240 (1) based on failure to provide adequate safety equipment.

At issue on this appeal is the motion court's grant of partial summary judgment to plaintiffs as to liability under section 240 (1). Full Circle contends that it should not be held liable as a general contractor because it was not a general contractor, but a construction manager, and had no responsibility for the sprinkler work. Furthermore, all defendants argue that Balthazar should be barred from recovery as a "recalcitrant worker," based on his alleged failure to follow instructions to use only Capitol's equipment. Full Circle and Capitol each assert that the defective ladder belonged to the other party. Because of this dispute over ownership, the motion court denied Full Circle's cross motion for summary judgment on its claim for indemnification from Capitol.

 Summary judgment on liability should have been denied as against Full Circle because issues of fact exist as to its role, if any, in the sprinkler project. Where a party had no authority to supervise or control the activity that caused the plaintiff's injury, that party may not be held liable (*Filchuk v Lehrer McGovern Bovis Constr.*, 232 AD2d 329, 330 [releasing general contractor where work was not performed by contractor's employees or its subcontractors]). It is a defense that the plaintiff's work at the time of the accident was outside the scope of the general contractor's contract (*Root v County of Onondaga*, 174 AD2d 1014, 1015, *lv denied* 78 NY2d 858). Whether this defense applies to Full Circle is a question of fact for trial.

The terms "general contractor" and "construction manager" are not synonymous. As construction manager, under an American Institute of Architects form contract, which is different from that for a general contractor, Full Circle worked with the architect to plan the renovations, hired subcontractors, obtained bids and work permits, and supervised the subcontractors' work. Although Full Circle was required to review the subcontractors' safety programs, the contract was specific that "[t]he Construction Manager's responsibilities for coordination of safety programs shall not extend to direct control over or charge of the acts or omissions" of persons other than Full Circle's own employees.

According to Full Circle, the fire sprinkler work was entirely extrinsic to its contract with Capitol, and was not included in

the renovation plans that Full Circle supervised. Capitol fabricated the components, supervised and directed the installation, and provided the equipment to its employees. Therefore, Full Circle claims it was not a "general contractor" for purposes of Labor Law § 240 (1) with respect to the sprinkler work. Capitol thus would not be a subcontractor of Full Circle, but an independent contractor hired directly by Levine, the owner, who was also Capitol's president.

Levine testified at his deposition that Full Circle "[took] care of everything except the fire sprinkler installation." Significantly, Full Circle obtained the work permits for all of the other contractors' work, but not for Capitol's sprinkler work. He claimed that Full Circle coordinated with Capitol as to the installation of the sprinklers, though Capitol supervised the work. Moreover, Levine agreed that the design of the sprinkler work was separate from the plans prepared by Full Circle for the other renovations. Because of these factual questions about Full Circle's responsibilities, the grant of summary judgment to plaintiffs as against Full Circle should be reversed.

■ The motion court properly determined that the recalcitrant worker defense did not apply. A Labor Law § 240 (1) claim will be dismissed where the plaintiff disobeyed an "immediate and active direction" not to use a particular unsafe piece of equipment, and refused to use adequate safety devices when such were provided (*Jastrzebski v North Shore School Dist.*, 223 AD2d 677, 680, *affd* 88 NY2d 946). Even assuming that the ladder belonged to Full Circle, and that plaintiff had been instructed to use only Capitol's equipment, the alleged instruction was neither immediate nor specifically targeted at the ladder from which he fell (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563). Plaintiff was never offered appropriate safety devices, and there were no means other than the defective ladder for him to reach the mezzanine level to install the sprinklers. A worker does not become recalcitrant merely by disobeying a general instruction not to use certain equipment, if safer alternatives are not supplied (*Stolt v General Foods Corp.*, 81 NY2d 918, 920). Thus, the defense is inapposite.

■ To the extent that a contractor's liability is based on the statute rather than on fault, it is entitled to common-law indemnification from the subcontractor whose negligence caused the accident (*Leon v Peppe Realty Corp.*, 190 AD2d 400, 411). As there was conflicting testimony about the ownership of the ladder, Full Circle's cross motion for summary judgment in its favor was properly denied.

Accordingly, the order of the Supreme Court, New York County (Emily Goodman, J.), entered January 11, 1999, which, *inter alia*, granted plaintiffs' motion for partial summary judgment as to liability against defendants under Labor Law § 240 (1), denied defendant Full Circle Construction's motion for summary judgment dismissing the complaint, and denied Full Circle's cross motion for summary judgment on its third-party claim against Capitol Fire Sprinkler for common-law indemnification, should be modified, on the law, to deny plaintiffs' motion for partial summary judgment as against Full Circle, and otherwise affirmed, without costs.

MAZZARELLI, ELLERIN, RUBIN and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered January 11, 1999, modified, on the law, to deny plaintiffs' motion for partial summary judgment as against Full Circle, and otherwise affirmed, without costs.