■ Raymond Lanzot, Appellant, v Ivy K. Blecher et al., Respondents. [776 NYS2d 478]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered January 21, 2003, which, inter alia, directed that defendant appear for deposition and refused to preclude his testimony at trial, unanimously affirmed, without costs.

Plaintiff argues that defendant's disobedience of a prior "self-executing" compliance order automatically resulted in the preclusion of defendant's trial testimony, and that it was therefore error to direct the taking of defendant's deposition. No basis exists to disturb the motion court's implicit finding that defendant's failure to make himself available for deposition in accordance with the compliance order was not willful or contumacious, and that defendant was not otherwise guilty of conduct warranting preclusion of his testimony at trial (*see Frye v City of New York*, 228 AD2d 182 [1996]). Another Justice's prior refusal to sign defendant's order to show cause why his deposition should not be taken via telephone or video conferencing was not a court order (CPLR 2211, 2214 [d]; 2219 [a]), and did not create law of the case precluding an order relieving defendant from the deadlines and other terms of the compliance order. Indeed, the Justice who refused to sign the order to show cause later advised plaintiff that notwithstanding such refusal, and notwithstanding the notation on the compliance order that it was "self-executing," his remedy for defendant's claimed disobedience of the compliance order was a motion "to enforce" it. Concur—Buckley, P.J., Andrias, Saxe and Friedman, JJ.