[824 NYS2d 3]

Luisa Pena, Appellant, v Women's Outreach Network, Inc., et al., Respondents.

First Department, October 26, 2006

---

**APPEARANCES OF COUNSEL**

*Wilmer A. Rodriguez-Nunci,* New York City (*Wilbert Ramos* of counsel), for appellant.

*Faust Goetz Schenker & Blee LLP,* New York City (*Erika C. Aljens* of counsel), for respondents.

**OPINION OF THE COURT**

SULLIVAN, J.

Plaintiff seeks to recover for injuries sustained when she fell from a stairway while exiting a medical van where she had undergone a mammogram administered by defendant Women's Outreach Network (WON). The van, a used RV that WON had converted into a medical van in order to provide its services on a mobile basis, had two sets of stairs, one for entry and the other, in the rear, for exit. The rear exit stairs consisted of three fixed interior steps and two exterior metal steps that, by use of a lever, extended from underneath the van. The metal steps had treads. There was a metal pipe at the back door of the van to hold onto when exiting.

On October 9, 1999, the van was in the parking lot of St. Joan of Arc Church in the Bronx, where WON was offering mammograms, free of charge, to anyone in the neighborhood. At about 11:00 A.M., plaintiff entered the van and was administered a mammogram. After the procedure, she proceeded to exit the van through the open back door when, as she described it,

"I stepped down on the first metal stair with my right foot [and] then went forward to place my left

foot on the second metal step when my right shoe became stuck on the step. I then lost my balance and fell onto the parking lot. My right shoe remained on the step."

Plaintiff was unable to identify any cause of the accident other than her shoe, which she described as flat heeled, becoming caught on the step. As a result of the fall, plaintiff sustained injuries including, among other things, a fracture of the right foot, which required three surgical procedures. She has required the use of a cane to walk since the accident.

Plaintiff commenced the instant action in November 2000. After joinder of issue and discovery, plaintiff filed a note of issue in October 2003, which defendant moved to strike on the ground that discovery had not been completed. On December 17, 2003, Supreme Court granted the motion "to the extent of directing plaintiff to furnish the outstanding discovery within 90 days from the date of this order. Failure to comply will result in the note of issue being stricken." Thereafter, on March 1, 2004, plaintiff served a supplemental bill of particulars, which indicated a second surgery on her right foot in June 2002. It also specified for the first time the purported dangerous condition that caused the fall, i.e., "Defective third step." Several days later, at a pretrial conference, the court directed plaintiff to submit to another deposition. On March 15, 2004, plaintiff's counsel wrote to defense counsel, advising that his client was in full compliance with the December 17, 2003 order. Thereafter, on May 7, 2004, plaintiff appeared for the court-ordered deposition. On June 4, 2004, defense counsel wrote to plaintiff's attorney, demanding further discovery concerning her medical condition.

On September 2, 2004, defendant moved for summary judgment, setting forth as good cause for the delay in moving the fact that discovery was still ongoing. In support of its argument, defendant referred to the court's December 17, 2003 order granting further discovery and stressed that such discovery was needed in order to obtain a clearer understanding of the case. As to the merits, defendant argued that, as the evidence showed, it neither created any purported defective condition on the stairs nor had notice of such condition.

In opposing, plaintiff argued that the untimely motion should not be entertained because good cause for the delay had not been shown, noting that when, on March 15, 2004, her counsel had notified defendant that she was in full compliance with the

December 17, 2003 order, defendant never responded or took any action to strike the note of issue. In addition, plaintiff argued that the discovery defendant sought had to do with her medical condition and not the issue of liability, which was the basis of the summary judgment motion. The discovery relevant to that issue, plaintiff argued, was complete before the filing of the note of issue.

Plaintiff also argued that summary judgment was unwarranted because her fall was due to the defective nature of the medical van's steps, as to which defendant had, at a minimum, constructive notice. Plaintiff pointed to the deposition testimony of WON's employees on duty at the time of the accident. Each testified that the subject stairs were in the same condition in the photographs as they were on the date of the accident. Plaintiff pointed to the absence of a guardrail or handrail on the rear steps and argued that the treads on the metal steps "were inappropriate and inadequate."

In support of her claim of defective stairs, plaintiff submitted an affidavit from Robert Schwartzberg, a professional engineer, who, after reviewing, inter alia, pictures of the steps, found that treads on the metal steps were "worn and discolored" due to foot traffic and "expos[ure] to the elements over a prolonged period of time." He also noted the absence of a guardrail alongside the steps in the van's interior and, although there was a handle mounted to the exit door and "a metal pipe and rod type assembly outside the [van] and on the opposite side of the stairway from the door," "[n]either the handle [n]or pipe assembly . . . protruded into or over the length of the treads or were positioned exactly in line with the ends of the treads."

Schwartzberg was of the opinion that "there existed unsafe conditions at the subject stairway in the form of unguarded and open treads at the ends thereof, a failure to provide riser heights and tread widths of uniform dimension and a failure to install handrails or guardrails in an appropriate manner," all of which should have been apparent to defendant. In referring to various sections of the state Building Code and the Uniform Fire Prevention and Building Code, Schwartzberg also noted that the stairs were not in compliance with good and accepted practice.

In reply and in support of its good cause argument, defendant pointed out that plaintiff underwent a third surgery in July 2004 and that a further deposition had been ordered. Defendant argued that it was "entitled to *all* discovery, including all medi-

cal records and expert reports in order to fully assess liability and make a proper motion for summary judgment" (emphasis in original). Defendant also argued that the December 17, 2003 order should be construed as self-executing, without the need for another motion to strike the note of issue. As to the merits, defendant decried the value of Schwartzberg's' opinion that the steps were not in compliance with the State's Building Code, which was clearly inapplicable to the subject medical van.

Supreme Court granted the motion, finding good cause for the delay in moving based upon the parties' continued exercise of their discovery rights. It rejected plaintiff's argument that the continued discovery dealt only with the issue of her medical condition, citing plaintiff's March 2004 supplemental bill of particulars, which alleged additional liability claims. On the issue of liability, the court found that plaintiff, while claiming that her shoe became stuck on a step as she exited the van, failed to establish a defect. The court also rejected Schwartzberg's opinions based on an inapplicable Building Code. We agree.

Since the Court of Appeals decision in *Brill v City of New York* (2 NY3d 648 [2004]), a party moving for summary judgment outside the statutory (CPLR 3212 [a]) or court-imposed time limit must show good cause for the delay. A motion court's exercise of discretion in determining that the moving party has established good cause for the delay will be overturned only if there has been an improvident exercise of discretion (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]).

Here, Supreme Court providently exercised its discretion in finding good cause. As the record shows, discovery was still being conducted at the time the motion was made, and plaintiff had recently undergone a third surgery on her foot, prompting the court to order that she be further deposed. While it is true that the discovery conducted after the filing of the note of issue dealt primarily with plaintiff's medical condition and not liability, and thus ordinarily would not be essential to a summary judgment motion predicated upon the absence of liability (*see Espejo v Hiro Real Estate Co.*, 19 AD3d 360 [2005]; *cf. Kunz v Gleeson*, 9 AD3d 480 [2004]), defendant's rejoinder that it needed all the outstanding discovery, particularly plaintiff's further deposition testimony, in order to have a clear understanding of the case, is not, under the circumstances, unreasonable. In so ruling, we reject defendant's argument that the December 17, 2003 order was self-executing, without the need for an ad-

ditional motion for further relief based on noncompliance therewith (*see Lanzot v Blecher*, 7 AD3d 408 [2004]).

Moreover, a rejection of defendant's motion as untimely would reward plaintiff for a blatantly premature filing of a note of issue at a time when, as is quite apparent, discovery was not complete. In her initial January 2002 bill of particulars, for example, plaintiff failed to specify, as requested, the defective condition that caused her fall. She filed a note of issue nonetheless in October 2003, and subsequently filed a supplemental bill on March 1, 2004, specifying the condition as a "Defective third step." This belated response, tendered beyond the 120-day period for moving for summary judgment, was clearly necessary for the implementation of such a motion. Similarly, plaintiff's counsel's March 15, 2004 letter, written on the 89th day of a 90-day compliance order, advising that plaintiff was in full compliance, was intentionally misleading. Whatever else was required by way of discovery, plaintiff could not have been in full compliance as she had just been ordered to submit to a further deposition.

On the merits, plaintiff has failed to establish that defendant caused, created or had notice of an allegedly dangerous or hazardous condition (*see Bachrach v Waldbaum, Inc.*, 261 AD2d 426 [1999]; *Adams v Alexander's Dept. Stores of Brooklyn*, 226 AD2d 130, 131 [1996]). In order to establish notice of an allegedly dangerous condition, plaintiff must, at a minimum, raise a triable issue of fact that the condition complained of was a dangerous or defective one.

Here, in moving for summary judgment, defendant made a prima facie showing that there were no disputed facts that the exit stairs were not in a dangerous or defective condition. It produced evidence in admissible form, namely, plaintiff's deposition testimony, that she did not know what caused her accident and could not identify any defect on the stairs. The photographs of the stairs similarly failed to depict any dangerous or defective condition. In opposition, plaintiff merely made conclusory allegations that the stairs were "inappropriate and inadequate."

While plaintiff argues that her deposition testimony creates an issue of fact as to the dangerous condition of the stairs, clearly it does not. Her testimony on this subject is as follows:

"Q: After you finished having the mammogram taken, what happened next?

"A. I was on my way out, and when I started to

walk down through the steps, my shoe got stuck and then I fell. . . .

"Q: Do you know what it got caught on?

"A: It is—exactly, I didn't see what caused it to get caught. . . .

"Q: Other than getting your shoe stuck on the stair, did you have any other problems with the stair before the accident happened?

"A: No . . .

"Q. Did you observe anything on the stairs before your accident occurred?

"A: No . . .

"Q: Immediately after the accident happened, did you have an opportunity to look at the steps again?

"A: Yes, I saw it, and I looked at it like this, and I could see the shoe that was still caught up in the step.

"Q: Other than seeing your shoe on the stair, did you notice anything else about the stairs?

"A: No."

Plaintiff's supporting affidavit fails to add any further details as to the cause of the accident, merely stating that plaintiff's shoe became stuck on the step, as a result of which she lost her balance and fell onto the parking lot. That plaintiff's shoe became stuck on the step does not show a defect or establish liability.

Nor does the affidavit submitted by plaintiff's expert, who never examined the steps but relied instead on plaintiff's testimony, the bill of particulars and the photographs, create an issue of fact as to the existence of a dangerous, defective or hazardous condition on the stairs. From the mere fact that plaintiff's shoe became stuck in the stairway treads, the expert concluded that the treads were "inappropriate" and were therefore defective. This simplistic deduction of cause from effect fails to show a defect, much less fault. This is not a case for the application of the doctrine of res ipsa loquitur, from which an inference of negligence may be drawn from the mere happening of an accident (see States v Lourdes Hosp., 100 NY2d 208, 211 [2003]).

Plaintiff's expert also concludes that the difference in the height of the stairway risers, the rounded treads and the lack of

handrails show that the stairway was in a defective condition. He fails, however, to show how or why these conditions constitute a dangerous or defective condition, and makes no attempt to show that these conditions caused plaintiff's shoe to become stuck in the step. He does not even allege that a handrail or a warning as to its absence or the existence of worn treads would have prevented the accident. Merely demonstrating the lack of handrails will not stave off summary judgment (*Birman v Birman,* 8 AD3d 219 [2004]). Nor does evidence of worn treads imply a dangerous condition, especially in the absence of testimony causally connecting the worn treads to the accident (*see Kane v Estia Greek Rest.,* 4 AD3d 189, 190 [2004]). An expert's conclusory and speculative opinion is insufficient to defeat summary judgment (*Murphy v Conner,* 84 NY2d 969 [1994]; *Grob v Kings Realty Assoc.,* 4 AD3d 394, 395 [2004]).

Finally, the expert's references to various state Building Code and Uniform Fire Prevention and Building Code provisions setting forth standards for staircases and stairwells for buildings, which, he submits, the van's rear staircase failed to meet, are irrelevant. As Supreme Court found and plaintiff concedes, the cited code provisions do not apply to the stairway at issue.

Inasmuch as plaintiff has failed to show the existence of a defective or dangerous condition, the issue of notice is academic. We have considered plaintiff's other arguments and find that they are without merit.

Accordingly, the order of the Supreme Court, Bronx County (Patricia Anne Williams, J.), entered January 12, 2005, which granted defendant's motion for summary judgment dismissing the complaint, should be affirmed, without costs or disbursements.

BUCKLEY, P.J., MARLOW, CATTERSON and McGUIRE, JJ., concur.

Order, Supreme Court, Bronx County, entered January 12, 2005, affirmed, without costs or disbursements.