[847 NYS2d 84]

Manzar A. Butt, Respondent, v Bovis Lend Lease LMB, Inc., et al., Appellants.

First Department, December 6, 2007

APPEARANCES OF COUNSEL

*Cerussi & Spring*, White Plains (*Jennifer R. Freedman* and *Jeffrey N. Lanci* of counsel), for appellants.

*Segan, Nemerov & Singer, P.C.*, New York City (*Leon Segan* of counsel), for respondent.

## OPINION OF THE COURT

Sullivan, J.

Plaintiff sues to recover for injuries allegedly sustained on January 2, 2003, when he fell from a ladder while plastering a beam in the ceiling of an interior stairwell in the gymnasium at Public School 24 in the Bronx. He asserts claims based upon common-law negligence and Labor Law violations. The premises were owned by the City of New York, and operated and maintained by the Board of Education. The project was funded by the New York City School Construction Authority (SCA), and Bovis Lend Lease was the general contractor and construction manager. After discovery, defendants moved for summary judgment, arguing that the work engaged in by plaintiff at the time of the accident was outside the scope of the contract between Bovis and plaintiff's employer, Nortom Construction, and thus did not fall within the embrace of the Labor Law. Supreme Court denied the motion, made seven months after the note of issue was filed, without addressing the merits, finding that the motion was untimely and that defendants had failed to show good cause for the delay.

█ Defendants satisfied their obligation to show good cause for the delay in moving for summary judgment (*see* CPLR 3212 [a]), and the merits of the motion should have been reached. On April 1, 2005, approximately 2½ weeks after plaintiff filed a note of issue and certificate of readiness, plaintiff's counsel advised defendants' counsel of the death of the stenographer who

had recorded the deposition of a party witness, Alex Kollaros, Bovis's project manager, on November 17, 2004, and indicated that a new deposition would have to be undertaken since the stenographer's notes could not be found. Subsequently, on June 16, 2005, at a court conference attended by all parties, the court directed a second deposition of Kollaros. This deposition was conducted on July 26, and the transcript thereof was forwarded to defendants on September 27. Defendants moved for summary judgment on October 18, acknowledging the late filing, but arguing that there was good cause therefor because the Kollaros deposition, which was essential to the motion, had to be conducted a second time.

The fact that the deposition of a key witness, Kollaros, was not taken until over four months after the note of issue had been filed demonstrated good cause (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]; *Fainberg v Dalton Kent Sec. Group*, 268 AD2d 247 [2000]). That an earlier deposition of the same witness had been taken before the filing of the note of issue, a circumstance relied upon by plaintiff, is of no moment. Significantly, it was plaintiff who had requested a second deposition in light of the lack of a transcript of the earlier deposition, a fact conspicuously missing from plaintiff's opposition to defendants' motion. It is also significant that the court was aware of the discovery being conducted after the filing of the note of issue (*see Quizhpi v Lochinvar Corp.*, 12 AD3d 252 [2004]). It is no answer to argue, as plaintiff does, that defendants could have gotten an affidavit from the witness since they already knew the nature of his testimony as a result of the first deposition. Defendants were entitled to await the taking of Kollaros's second deposition to have the benefit of his entire testimony. Upon receipt of the transcript of that testimony, they moved expeditiously for summary judgment. Thus, defendants met their burden. The standard for a good cause showing should not be an unreasonable one. Nor should untimeliness ever be used as a facile excuse to avoid reaching the merits.

As to the merits, the motion should be denied. Defendants seek summary judgment on the ground that the work plaintiff was performing at the time of his accident was outside the scope of the contract and that therefore he was not entitled to protection under the Labor Law. While Labor Law § 240 (1) and § 241 (6) claims have been dismissed on the ground that a "plaintiff's work at the time of the accident was outside the scope of the general contractor's contract" (*Balthazar v Full Circle Constr.*

*Corp.*, 268 AD2d 96, 98 [2000]; *see also Root v County of Onondaga*, 174 AD2d 1014 [1991], *lv denied* 78 NY2d 858 [1991]), this defense inures only to the benefit of the parties who lacked the authority to supervise or control the work. The rule has its genesis in the concept that Labor Law liability under section 240 (1) and section 241 (6) is premised on an owner's or general contractor's right to control the work, irrespective of whether such control is exercised, and that if the work leading to the accident is outside the scope of what is contracted for, there is no right of control on the part of the contractor and thus no liability under those statutes (*see Balthazar*, 268 AD2d 96 [2000]; *Root*, 174 AD2d 1014 [1991]).* Thus, even if we were to agree with defendants that, as a matter of law, the work was not within the contract, the city defendants would not be entitled to summary judgment. An owner's liability under section 240 (1) and section 241 (6) for injury to a worker is not circumscribed by contractual provision. Nor, in any event, would any defendant be entitled to summary judgment on the negligence claim, to which the dismissal motion is not even addressed.

In support of their claim that plaintiff's work was outside the scope of the contract, defendants note that Kollaros, on behalf of Bovis, and Devang Kapadia, SCA's project officer, both testified that the work plaintiff was performing at the time of his accident was not part of the work set forth in Nortom's contract with Bovis. In addition, Kapadia testified that the work had "nothing to do with any additional work given to [plaintiff] as a change order." Nor, as defendants assert and the record reflects, are there any change orders that reveal any reference to the work plaintiff was performing at the time of his accident.

At his deposition, plaintiff admitted that the ceiling damage repair work he was performing at the time of his accident was not within the scope of the original contract but rather was work that Nortom had been requested to perform pursuant to a written change order issued by SCA. In opposing the motion for summary judgment, plaintiff, distancing himself from his deposition testimony, submitted an affidavit that now claimed he *was* orally instructed to perform the work at issue.

It is not only plaintiff's testimony that is inconsistent; we also note an inconsistency in defendants' position. Defendants cite Kollaros's testimony that the leaks emanating from the roof of

---

* It should be noted that in both *Balthazar* and *Root*, the record disclosed the identity of the entity who did, in fact, authorize the work. That is, of course, not the case here.

the gymnasium were not Bovis's responsibility but rather that of the contractor who installed the roof "two, three years prior to Nortom's project, because they usually issue a 10-year warranty." Yet a November 8, 2002 inspection report addressed to "Project Officer: Devang Kapadia" noted "a leak on gym roof near skylight" and stated "P.O. [Project Officer] is to follow procedures for leaks under 2 yrs old." Moreover, the accident report submitted by Kollaros stated that plaintiff was injured when he "went to follow-up on some plaster patchwork on the walls and ceiling of the second floor staircase landing by the gymnasium." There is nothing in the report to suggest that plaintiff was unauthorized to do the work. Thus, while an affidavit such as plaintiff's as to the source of the authorization for the work in which he was engaged at the time of the accident, obviously made to avoid the consequences of prior deposition testimony, is insufficient to defeat summary judgment (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]; *Kistoo v City of New York*, 195 AD2d 403, 404 [1993]), under the circumstances of this case, we are unable to conclude, as a matter of law, that the work was not in furtherance of the contract.

Accordingly, the order of the Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 18, 2006, which denied defendants' motion for summary judgment dismissing the complaint as untimely, should be modified, on the law, the facts and in the exercise of discretion, and the motion for summary judgment denied on the merits, without costs or disbursements.

Tom, J.P., Saxe, Gonzalez and Sweeny, JJ., concur.

Order, Supreme Court, Bronx County, entered May 18, 2006, modified, on the law, the facts and in the exercise of discretion, and defendants' motion for summary judgment denied on the merits, without costs or disbursements.