OPINION OF THE COURT
Per Curiam.
Order, dated September 27, 2007, modified to deny defendant’s motion for summary judgment on the merits, and as modified, affirmed, with $10 costs.
Plaintiff commenced this action in April 2006 to recover for personal injuries allegedly sustained in a March 2005 vehicular accident. In November 2006, prior to any discovery, plaintiff filed a notice of trial. Defendant moved to strike the notice and to compel discovery. In January 2007 Civil Court granted the motion only to the extent of directing discovery to be completed by March 21, 2007 and setting the matter down for trial on April 2, 2007. On March 30, 2007, after plaintiff was deposed and discovery completed, defendant sought leave to move for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Defendant acknowledged the late filing of his motion but argued that there was good cause therefor because discovery, which was essential to the motion, had just been completed. Civil Court denied the motion, without addressing the merits, finding that it was untimely and that defendant had failed to show good cause for *22 the delay. In these circumstances, including defendant’s prompt but unsuccessful motion to vacate the notice of trial, the subsequent discovery order and defendant’s expeditious summary judgment motion upon completion of discovery, we find that good cause existed to entertain the summary judgment motion (see Pippo v City of New York, 43 AD3d 303, 304 [2007]). The rejection of defendant’s motion as untimely rewarded plaintiff for a blatantly premature filing of a notice of trial at a time when discovery had not commenced (see Pena v Women’s Outreach Network, Inc., 35 AD3d 104 [2006]). “The standard for a good cause showing should not be an unreasonable one. Nor should untimeliness ever be used as a facile excuse to avoid reaching the merits” (Butt v Bovis Lend Lease LMB, Inc., 47 AD3d 338, 340 [2007]).
On the merits, defendant’s motion should be denied. Defendant submitted the sworn reports of three medical experts who opined that plaintiff had not sustained a serious injury as a result of the subject vehicular accident. Defendant’s orthopedist and neurologist diagnosed plaintiff with a right knee injury and cervical and lumbar sprain/strain. While defendant’s doctors found that the injuries had resolved, they both stated that plaintiff’s original complaints were causally related to the subject accident. Only defendant’s radiologist, who reviewed the MRI studies of plaintiff taken after the accident, attributed the 20-year-old plaintiff’s complaints of pain in the lumbar spine and right knee to degeneration. The radiologist found no bulges in the cervical spine and no tears in the meniscus or cruciate ligaments in the knee.
Although defendant’s submissions were sufficient to meet his initial burden, plaintiffs opposition raised triable issues as to whether plaintiff sustained serious injury as a result of the accident. Plaintiffs treating chiropractor identified measurements of loss of range of motion in plaintiff’s cervical and lumbar spine, and opined that plaintiffs injuries resulted in a severe and significant limitation of use of his lumbar and cervical spine. Plaintiffs chiropractor noted that MRIs taken approximately one month after the accident revealed disc bulges in the lumbar and cervical spine, and a tear in the meniscus and partial tears in the anterior and posterior cruciate ligaments. The chiropractor opined that plaintiffs injuries were traumatic in nature and related to the subject accident. Plaintiff also submitted the affirmations of the radiologists who performed the MRIs and attested to the findings of cervical and lumbar disc bulges and tears in the meniscus and cruciate ligaments of the right knee.
*23 The allegations of defendant’s radiologist as to the existence of preexisting conditions in the lumbar spine and right knee were insufficient to establish that plaintiffs injuries were unrelated to the accident, at least in these circumstances where (1) the other two defense medical experts acknowledged that plaintiffs injuries were causally related to the accident, (2) the X ray of plaintiffs knee, taken on the day of the accident and relied upon by defendant to show no fracture, refuted the finding of significant degenerative changes, and (3) the opinions of the parties’ radiologists were divergent as to the existence of tears in the knee and a disc bulge in the cervical spine. On this record, plaintiff was not obliged to do more to overcome defendant’s summary judgment motion (see Pommells v Perez, 4 NY3d 566, 577-578 [2005]).
We note, however, that the record does not disclose the existence of a triable issue as to whether plaintiff, by reason of injuries sustained in the subject accident, was prevented from performing substantially all of the material acts constituting his usual and customary activities for 90 of the first 180 days following the accident.
McKeon, EJ., Davis and Heitler, JJ., concur.