■ ROBERT WILLIAMS, Respondent, v 7-31 LIMITED PARTNERSHIP et al., Defendants, and INDEPENDENT AERIAL EQUIPMENT, Appellant. INDEPENDENT AERIAL EQUIPMENT, Third-Party Plaintiff-Appellant, v ENCLOS CORP., Third-Party Defendant-Respondent. [864 NYS2d 1]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 31, 2007, which, inter alia, denied defendant/third-party plaintiff Independent Aerial Equipment's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it and in its favor on its claim for contractual indemnification against third-party defendant Enclos Corp., and granted Enclos's motion for summary judgment dismissing Independent's indemnification claim against it, unanimously modified, on the law, Independent Aerial Equipment's motion granted to the extent of severing and dismissing plaintiff's claim pursuant to Labor Law § 200, and otherwise affirmed, without costs.

While issues of fact exist as to whether Independent was negligent in supplying a defective or unsafe scissor lift to Enclos for plaintiff's ultimate use (see Urbina v 26 Ct. St. Assoc., LLC, 12 AD3d 225, 226 [2004]), plaintiff's Labor Law § 200 claim should have been dismissed (Greco v Archdiocese of N.Y., 268 AD2d 300, 301 [2000]). While section 200 merely codifies the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work, Independent, as simply a lessor of equipment to one of the

subcontractors, is not an owner, general contractor, or agent thereof for purposes of imposing liability under the statute and had no authority to control the activity that brought about plaintiff's alleged injury (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Urbina*, 12 AD3d at 226). Since the sole potential basis for liability on Independent's part is its own negligence, the contractual provision by which Enclos agreed to indemnify Independent for losses arising from an action on account of injury occasioned by the use of such equipment is unenforceable (General Obligations Law § 5-322.1; *see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178-179 [1990]).

We have considered Independent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ. [*See* 2007 NY Slip Op 34182(U).]