■ WILSON ORTIZ et al., Respondents, v IGBY HUNTLAW LLC, Defendant, and A.E. GREYSON & CO., INC., Appellant. [49 NYS3d 17]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about May 19, 2016, which denied defendant A.E. Greyson & Co., Inc.'s (Greyson) motion for summary judgment dismissing plaintiffs' complaint, unanimously reversed,

on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff Wilson Ortiz, an employee of nonparty Uriu, LLC, was injured when he fell from a ladder while painting in an apartment owned by defendant Igby Huntlaw LLC, which was dismissed from plaintiffs' action. Greyson was the general contractor, and its contract with Igby specifically excluded painting the apartment. Uriu was hired to do the painting.

Greyson is entitled to summary judgment dismissing the complaint. Where, as here, a plaintiff's work at the time of his accident is outside the scope of what has been contracted for by the owner and the general contractor, the general contractor has no right to control the work, and therefore cannot be liable under Labor Law § 240 (1) or § 241 (6) (*Butt v Bovis Lend Lease LMB, Inc.*, 47 AD3d 338, 340-341 [1st Dept 2007]). Because Greyson had no authority to control Ortiz's injury-producing work, Ortiz's common-law negligence and Labor Law § 200 claims must be dismissed (*Williams v 7-31 Ltd. Partnership*, 54 AD3d 586, 586-587 [1st Dept 2008]).

Plaintiffs failed to raise a triable issue of fact.

Given the dismissal of Ortiz's claims, his wife's derivative claim also must be dismissed. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ. 