■ JOHN ROTANTE, Plaintiff, v ADVANCE TRANSIT CO., INC., et al., Defendants. ADVANCE TRANSIT CO., INC., et al., Third-Party Plaintiffs-Respondents, v DEVIN MOSCARELLI, Third-Party De-

fendant-Respondent, and MICHELLE POMPEO et al., Third-Party Defendants-Appellants. [49 NYS3d 391]—

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 18, 2016, which denied the motion of third-party defendants Michelle Pompeo and Dominick Pompeo (the Pompeos) for summary judgment dismissing the third-party action as against them as untimely, unanimously reversed, on the law and the facts, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff seeks to recover for serious injuries allegedly sustained in a motor vehicle accident involving a vehicle owned and operated by defendants. Defendants impleaded the owners and drivers of two vehicles involved in a subsequent accident with plaintiff's vehicle, seeking contribution in the event they are found liable for plaintiff's injuries. Before completion of discovery, third-party defendants the Pompeos moved for summary judgment dismissing the third-party action on the ground that plaintiff did not suffer any injury in the second accident and that motion was denied. After plaintiff filed the note of issue, the Pompeos moved to vacate the note of issue on the ground that discovery, including the deposition of third-party defendant Moscarelli, the other driver in the second accident, was still outstanding. In the alternative, the Pompeos sought an extension of their time to move for summary judgment. Supreme Court granted the motion only to the extent of directing that post note-of-issue discovery be completed. After Moscarelli failed to appear for his deposition and was precluded from testifying at trial, the Pompeos again moved for summary judgment, arguing that they had good cause for the delay and for making a second motion. Supreme Court denied their motion as an untimely, successive motion for summary judgment.

Supreme Court improvidently exercised its discretion in declining to entertain their motion on the merits. Movants demonstrated good cause for the delay (*Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]), and sufficient cause for the second summary judgment motion (*see generally Jones v 636 Holding Corp.*, 73 AD3d 409, 409 [1st Dept 2010]). It was not unreasonable for the Pompeos to exhaust all efforts to secure Moscarelli's deposition before moving for summary judgment in their favor on liability, given that he purportedly rear-ended plaintiff's vehicle in the subsequent accident (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 108 [1st Dept 2006]; *Butt v Bovis Lend Lease LMB, Inc.*, 47 AD3d 338, 339-

340 [1st Dept 2007]). This constitutes sufficient cause for the second summary judgment motion, especially given that movants' liability "can be further disposed of without burdening the resources of the court and movants with a plenary trial" (*Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]).

On the merits, the record reflects that there is no triable issue of fact as to Michelle Pompeo's negligence. Moscarelli is precluded from testifying at trial, and no admissible evidence was submitted to rebut Michelle Pompeo's testimony that she did not cause Moscarelli to impact plaintiff's vehicle (*cf. Morales v Amar*, 145 AD3d 1000, 1002 [2d Dept 2016]). Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.