Hill v Mid Is. Steel Corp. (2018 NY Slip Op 06230)





Hill v Mid Is. Steel Corp.


2018 NY Slip Op 06230


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-04362
 (Index No. 2147/12)

[*1]Danny Hill, appellant, 
v
Mid Island Steel Corp., respondent, et al., defendants.


Bergman, Bergman, Goldberg, Fields & Lamonsoff, LLP, Hicksville, NY (Allen Goldberg and Clifford Gabel of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Stephen D. Straus of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 29, 2016. The order granted the motion of the defendant Mid Island Steel Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Mid Island Steel Corp. which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while using a telescoping lift while at work on property owned by the defendants Anthony Mosono and Janine Mosono. The lift belonged to the defendant Mid Island Steel Corp. (hereinafter MIS). Anthony Mosono had borrowed the lift from MIS and, according to MIS, had done so without the permission of MIS. MIS moved for summary judgment dismissing the complaint insofar as asserted against it. MIS contended that it was not an owner, contractor, or agent with regard to the plaintiff's work, and that there was no evidence that an alleged defect in the lift caused the plaintiff's injuries. By order dated February 29, 2016, the Supreme Court granted the motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of MIS's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it. "Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). The evidence MIS submitted in support of its motion established, prima facie, that MIS was not an owner, contractor, or agent with regard to the plaintiff's [*2]work (see Williams v 7-31 Ltd. Partnership, 54 AD3d 586, 586-587; see also Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 593). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court should have denied that branch of MIS's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. Contrary to its sole contention regarding this cause of action, MIS failed to establish, prima facie, that the lift was not in a defective or dangerous condition. Since MIS failed to make a prima facie showing of its entitlement to judgment as a matter of law on this cause of action, the court should have denied that branch of the motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court