1901 Hennessy LLC and The Holemill Group LLC and Paradigm Hennessy LLC, Petitioner-Landlord-Respondent,
against
Thelma Vicente, Respondent-Tenant, and Glendalee Martinez, Respondent-Appellant, and "Janna Vicente," Respondent.




Respondent Glendalee Martinez appeals from an order of the Civil Court of the City of New York, Bronx County, (David J. Bryan, J.), dated June 5, 2019, which denied her motion to vacate a stipulation of settlement, final judgment of possession and a warrant of eviction in a holdover summary proceeding.




Per Curiam.
Order (David J. Bryan, J.), dated June 5, 2019, reversed, without costs, motion granted and the stipulation of settlement, final judgment of possession and warrant of eviction vacated as against respondent Glendalee Martinez and matter remanded to Civil Court for further proceedings.
In this holdover proceeding against the rent stabilized tenant who did not appear or answer, respondent Martinez, tenant's daughter, appeared without counsel and entered into a stipulation agreeing to vacate the premises. Respondent then retained counsel, who promptly moved to vacate the stipulation, arguing that respondent has a meritorious succession defense. Civil Court denied the motion, and we now reverse.
While a stipulation is essentially a contract and should not be lightly set aside, the court [*2]possesses the discretionary power to relieve parties from the consequences of a stipulation "if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987], appeal dismissed 73 NY2d 868 [1989], citing Matter of Frutiger, 29 NY2d 143, 150 [1971]). Respondent, now represented by counsel, has submitted evidence showing the existence of an arguably meritorious succession defense. In the circumstances, we favorably exercise our discretion to relieve respondent of her uncounseled decision to consent to a possessory judgment, and allow her to defend the holdover petition on the merits (see 126 Bapaz, LLC v Alamo, 14 Misc 3d 145[A], 2007 NY Slip Op 50427[U] [App Term, 1st Dept 2007]; see also BML Realty Group v Samuels, 15 Misc 3d 30 [App Term, 1st Dept 2007]).
Contrary to the conclusion reached below, respondent's vacatur motion was not barred by Judge Hahn's prior refusal to sign her pro se order to show cause for vacatur relief. That prior refusal to sign an order to show cause did not create law of the case (see Lanzot v Blecher, 7 AD3d 408, 409 [2004]), and did not preclude respondent's subsequent application, made after she retained counsel, that contained evidentiary proof not submitted in her earlier pro se application (cf. Cypress Hills Mgt., Inc. v Lempenski, 173 AD3d 830 [2019]).
We express no view as to the ultimate merits of respondent's defense. We also note the absence of any brief from landlord on appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2020