AIG Prop. Cas. Co. v Arista A.C. Corp. (2024 NY Slip Op 02365)

AIG Prop. Cas. Co. v Arista A.C. Corp.

2024 NY Slip Op 02365

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 160669/16, 595386/19 Appeal No. 2183 Case No. 2023-02018 

[*1]AIG Property Casualty Company as Subrogee of Anthony Tamer and Sandra Tamer, Plaintiff-Respondent,
v
Arista Air Conditioning Corp., Defendant-Respondent.
Arista Air Conditioning Corp., Third-Party Plaintiff-Respondent,
v
Becht Engineering, P.C., Third-Party Defendant-Respondent, R.D. Rice Construction, Inc., Third-Party Defendant, Kew Forest Plumbing and Heating Inc., Third-Party Defendant-Appellant.

Barker Patterson & Nichols LLP, Garden City (Adonaid C. Medina of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (John P. Cookson of counsel), for Arista Air Conditioning Corp., respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about October 25, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Kew Forest Plumbing & Heating Inc. (Kew Forest) for summary judgment dismissing all claims against it, unanimously reversed, on the law, without costs, and Kew Forest's motion granted. The Clerk is directed to enter judgment accordingly.
Supreme Court should have granted Kew Forest's summary judgment motion dismissing the claims of third-party plaintiff Arista Air Conditioning Corp. (Arista) against it, because Kew Forest demonstrated it did not contribute to the defective condition that caused the leak, and therefore "no basis for liability on the part of" Kew Forest (Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 248 [1st Dept 2013]). Arista has not established an issue of fact as to Kew Forest's negligence with respect to its limited role in installing the valves. There is no indication that Kew Forest had a role in selecting the valves or the ability to override the selection made by others. Furthermore, Arista's expert's conclusory statement that the valve chosen was atypical and contrary to unidentified industry standards does not create an issue of fact (see Pena v Women's Outreach Network, Inc., 35 AD3d 104, 110-111 [1st Dept 2006]).
Arista's claim that Kew Forest knew about the air infiltration yet did not remediate the issue it allegedly helped create is unavailing. Arista does not demonstrate that Kew Forest had responsibility to remediate the insufficiencies in the building's outer shell from which the cold air came or the obligation to install different valves.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024