■ 1420 CONCOURSE CORP. et al., Respondents, v GLORIA CRUZ, Appellant.—Order, Supreme Court, Appellate Term, First Department, entered March 20, 1986, which reversed and vacated a judgment of the Civil Court, Bronx County (Jerald R. Klein, J.), entered February 7, 1985 in favor of respondent-appellant tenant (tenant) in the sum of $148,525, reversed, on the law and the facts, without costs, to reinstate the judgment of the Civil Court, without prejudice to an application by petitioners-respondents landlord (landlord) to that court to set aside the parties' stipulation dated January 4, 1984.

In November 1983, the landlord commenced a nonpayment proceeding against the tenant. In response, the tenant raised the affirmative defense of breach of the warranty of habitability, alleging the existence, since January 1982, of numerous unsafe and unhealthy conditions in her apartment and the common areas of the building. She also counterclaimed, seeking, *inter alia,* a full rent abatement as well as compensatory and punitive damages totaling $18,500 and injunctive relief to remedy the existing violations.

On January 4, 1984, the parties, both represented by counsel, entered into a stipulation of settlement, in open court, which provided that the landlord would restore and maintain adequate heat and hot water and make necessary repairs to remove existing violations in the tenant's apartment and the building's common areas. Upon the landlord's default, the tenant was to recover damages according to a specific schedule incorporated in the stipulation. The stipulation, denominated an order to correct, was "so ordered" by the court and provided that denial of access by the tenant would be a defense to enforcement of the stipulation.

Thereafter, in May 1984, the tenant moved to enforce the stipulation, resulting in entry of a judgment in her favor in the sum of $148,525 upon a finding by the court that the landlord had failed to comply with the stipulation. The damages awarded were calculated pursuant to the terms of the stipulation and, it should be noted, the landlord never challenged the stipulation, but rather took the position that there had been compliance except to the extent that compliance had been frustrated by denial of access.

The Appellate Term vacated such award, finding the stipulation to be penal in nature in that it called for payments far exceeding any amounts otherwise recoverable under law (such as statutory penalties, fines for contempt, or damages for breach of the warranty of habitability), and grossly disproportionate to the harm sustained by the tenant. In so ruling, the court relied upon *City of Rye v Public Serv. Mut. Ins. Co.* (34 NY2d 470), in which the Court of Appeals refused to enforce a surety bond given by a developer to the City of Rye to secure the timely completion of six luxury cooperative buildings, the court holding that there is no statutory authority for a municipality to exact harsh penal bonds from developers who are perforce dependent on approvals by local officials at the various stages of construction and after completion of the project.

Here, however, where the parties, both represented by counsel, have freely entered into a stipulation of settlement in open court, such stipulation will generally be enforced unless public policy is affronted, i.e., where judicial enforcement of such an agreement would be the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense *(Intercontinental Hotels Corp. v Golden,* 15 NY2d 9, 13). It has been repeatedly held that, unless public policy is affronted, parties to a civil dispute are free to chart their own litigation course and, in fashioning the basis upon which a particular controversy will be resolved, they " 'may stipulate away statutory, and even constitutional rights' " *(Mitchell v New York Hosp.,* 61 NY2d 208, 214).

Stipulations of settlement are favored by the courts and not lightly cast aside particularly in the case of "open court" stipulations where strict enforcement not only serves the interest of efficient dispute resolution but is also essential to the management of court calendars and the integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, accident, or some other ground of the same nature, will a party be relieved from the consequences of a stipulation made during litigation. *(Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Frutiger,* 29 NY2d 143, 150.)

In the instant case, the stipulation appears to have been what the landlord felt was a prudent measure to avoid an almost certain abatement of rent and a likely award of damages on the tenant's habitability counterclaim which amounts are not susceptible to precise determination and depend upon the severity and duration of the unhabitable conditions as well as the effectiveness of steps taken by the

landlord to abate those conditions *(Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329). That the terms of the stipulation ultimately led to an award of damages, which arguably can be characterized as excessive, does not necessarily render them void and unenforceable. The landlord by timely compliance could have avoided any award of damages. The Civil Court's finding of noncompliance has support in the record and despite its claim of nonaccess, the landlord never sought to dismiss the enforcement proceeding on grounds of denial of access as specifically provided for in the stipulation. Moreover, as previously noted, the landlord never attacked the stipulation in the Civil Court enforcement proceeding and raised the issue of its validity for the first time on appeal.

Under the circumstances, even if any ground had been established for setting aside the stipulation, the appropriate vehicle would have been an application to the Civil Court seeking relief from its order. *(Matter of Matinzi v Joy,* 60 NY2d 835, 836-837, citing Siegel, NY Prac, at 242.) Upon such application that court possesses the discretionary power to relieve parties from the consequences of a stipulation effected during litigation upon such terms as it deems just and, if the circumstances warrant, it may exercise such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it. *(Matter of Frutiger, supra,* 29 NY2d, at 150.) Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Rosenberger, JJ.