■ 1420 CONCOURSE CORP. et al., Respondents, v GLORIA CRUZ, Appellant.—Order, Appellate Term, First Department, entered October 12, 1989, which reversed an order of the Civil Court, Bronx County (Jerald Klein, H. J.), entered April 1, 1988, and remanded the matter for consideration of appropriate equitable relief from the operation of the stipulation "so ordered" by the Civil Court on January 4, 1984, as it bears on the issue of damages to be awarded to respondent for petitioners' failure to correct the violations noted therein, unanimously reversed, upon the law and the facts, and the judgment of the Civil Court is hereby reinstated, without costs.

The genesis of this litigation was a non-payment proceeding initiated by petitioners-respondents-landlords (hereinafter "petitioners") in 1983 for two months' rent totalling approximately $700. The respondent-appellant-tenant (hereinafter "respondent") answered and, *inter alia,* counterclaimed for a breach of warranty of habitability and demanded injunctive relief to remedy the conditions complained of pursuant to

Housing Maintenance Code (Administrative Code of City of New York) § D26-53.03 and CCA 110. That proceeding was supposedly disposed of by a stipulation denominated Order to Correct, dated and "so ordered" January 4, 1984, in which the parties consented to a schedule of damages recoverable by respondent in the event the petitioners failed to make the repairs as agreed upon therein. Respondent therein relinquished her demand for injunctive relief. The stipulation in its concluding paragraph provided: "In the event of a breach, the tenant may restore upon 3 days written notice for *enforcement and the relief stated above.* Denial of access is a defense to the penalties above. Landlord may restore on a 3 day written notice and move for dismissal if access is denied." (Emphasis added.) The stipulation was signed in open court by the parties and their counsel.

In May 1984, respondent moved to restore and, as a result of hearings thereon, the Civil Court entered a judgment of $148,525 against petitioners. This figure was derived from a schedule set forth in the stipulation that indicated specific amounts for specific violations, such as lack of heat or hot water, and a per diem rate of damages to be assessed for the failure to make the repairs within the time prescribed. The Civil Court's judgment was based upon twenty-one (21) violations, averaging penalties in excess of $7,000, where the highest was $19,800 and the least was $1,250.

Petitioners sought to vacate the judgment which this court ultimately denied in *1420 Concourse Corp. v Cruz* (135 AD2d 371 [1987], *appeal dismissed* 73 NY2d 868 [1989]). At that time we concluded that: "Under the circumstances, even if any ground had been established for setting aside the stipulation, the appropriate vehicle would have been an application to the Civil Court seeking relief from its order. *(Matter of Matinzi v Joy,* 60 NY2d 835, 836-837, citing Siegel, NY Prac, at 242.) Upon such application that court possesses the discretionary power to relieve parties from the consequences of a stipulation effected during litigation upon such terms as it deems just and, if the circumstances warrant, it may exercise such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it. *(Matter of Frutiger, supra,* 29 NY2d, at 150.)" (135 AD2d, *supra,* at 373.) Accordingly, we reinstated the judgment which had been vacated by the Appellate Term, First Department without prejudice to an application by petitioners to the Civil Court to set aside the January 4, 1984 stipulation.

By order entered April 11, 1988, the Civil Court denied

petitioners' motion to set aside the stipulation. For the first time in this litigation petitioners contended that neither their attorneys throughout the proceedings nor the employee/agent who signed the stipulation was so authorized. The Civil Court rejected this contention, assuming, *arguendo,* that even if there was no authority, the failure to seek relief from its terms through the entire enforcement proceeding constituted ratification. In addition, the Civil Court was not persuaded that the resulting judgment was so harsh and inequitable because the damages were greater than those respondent otherwise would have been entitled to since, through counsel, the parties "negotiated, drafted, and executed a stipulation in open court." Moreover, no judgment or penalties would have been incurred had the petitioners made the repairs as agreed.

The Appellate Term, First Department, by order entered October 12, 1989, reversed the Civil Court and remanded the matter to ascertain some equitable relief from the operation of the stipulation. By order entered March 9, 1990, the Appellate Term, First Department granted leave to appeal to this court.

Since we essentially concur with the analysis of the Civil Court, we hereby reinstate the judgment. We find no basis for concluding that the motion court abused its discretion in concluding that the stipulation was not entered into inadvisedly and that it was not inequitable under the circumstances of the case. *(See, 1420 Concourse Corp. v Cruz,* 135 AD2d, *supra,* at 373.) In addition, the failure to conduct a hearing on this motion was not an abuse of discretion.

There is no merit to the untimely-raised contention that the petitioners' attorney and employee/agent did not have the authority to enter into the stipulation. Assuming *arguendo* that they lacked the real authority to do so, as a matter of law, they were certainly clothed with apparent authority and the respondent reasonably relied upon that appearance of authority. *(Hallock v State of New York,* 64 NY2d 224, 231 [1984].) Petitioners' counsel had been the legal representative throughout the proceedings. Stipulations had previously been entered into with that counsel. Said counsel then negotiated the stipulation at issue in open court and was available to advise petitioners' employee as to whether she could and/or should enter into the stipulation. The contention that the attorney and the employee lacked the authority to enter into the stipulation is further belied by the failure of the petitioners to have sought vacatur of the stipulation on those grounds forthwith. Indeed, by proceeding with the enforcement hearing without even voicing an objection, either through counsel

or petitioners' corporate officer in attendance, petitioners can be said to have waived any objection and acquiesced in the terms of the stipulation. *(Hallock v State of New York,* 64 NY2d, *supra,* at 231.) Similarly, it is reasonable to conclude that petitioners' silence and acquiescence constituted a ratification of the terms of the stipulation. *(Continental Cas. Co. v Chrysler Constr. Co.,* 80 Misc 2d 552, 554 [1975].)

With respect to the alleged inequities flowing from enforcement of the stipulation, we are mindful of several facts. First, the stipulation was negotiated and agreed upon by counsel for the parties and at all times petitioners were represented by counsel. Second, the stipulation unequivocally provided that enforcement of the terms of the stipulation was the remedy available to the respondent in the event of petitioners' breach. Third, petitioners could have simply complied with the terms and avoided the assessment of damages. Fourth, petitioners had the right to seek dismissal if their failure to comply was due to respondent's denial of access. Fifth, petitioners continue to seek to avoid the imposition of any penalty for their behavior whereas a motion for a reduction of the assessment, i.e., modification of the terms of the stipulation would appear more equitable. Nevertheless, given the foregoing and the fact that the violations found to exist severely impaired the respondent's use and enjoyment of her home for an extensive period of time, it cannot be said that the motion court abused its discretion in finding that this judgment was not inequitably harsh.

We find that it was not an abuse of discretion to conclude on this record that the stipulation was not inadvisedly entered into. In exchange for respndent's relinquishment of her right to injunctive relief, the petitioners agreed to do what the law in any event would require, cure the violations. The fact that this became a costly endeavor rests solely on petitioners. Moreover, the mere fact that it subsequently appears that the stipulation/settlement was a bad bargain does not warrant vacatur. *(Raphael v Booth Mem. Hosp.,* 67 AD2d 702, 703 [1979].)

Finally, the contention that a hearing was required on the motion to set aside the stipulation is without merit. As set forth above, several legal bases existed for upholding the validity of the stipulation including apparent authority, waiver and ratification. In addition, the affidavits submitted by petitioners' corporate officer and the employee who signed the stipulation were wholly self-serving. Moreover, the jurist who decided the instant motion had presided over every

aspect of this litigation at the trial level, including entry of the stipulation and the enforcement proceeding. Accordingly, he was well versed in the the facts and circumstances. Concur —Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.