■ ALEXANDRA KATASH et al., Appellants, v RICHARD KRANIS, P. C., et al., Respondents. [644 NYS2d 276] —Order of the Supreme Court, New York County (Emily Goodman, J.), entered May 12, 1995, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Alexandra Katash was assaulted on the grounds of her apartment building and, together with her husband, plaintiff Peter Katash, retained defendants to prosecute a negligence action against the landlord, which matter was settled in open court for the sum of $12,000. Apparently having second thoughts, plaintiffs thereafter refused to sign a release. New counsel was substituted for defendants, and a motion to vacate the stipulation of settlement was made on the ground that it would be inequitable to hold plaintiffs to its terms (*Matter of Frutiger*, 29 NY2d 143, 150). Supreme Court (Beverly Cohen, J.) declined to vacate the settlement, citing this Court's decision in *1420 Concourse Corp. v Cruz* (175 AD2d 747) in support of its opinion that "the settlement was not inequitably harsh". Finding that plaintiff Alexandra Katash "demonstrated her clear understanding of the consequences of the stipulation" the court held, "Plaintiffs have not demonstrated any of the grounds necessary to invalidate the stipulation." The court further noted, "Plaintiffs have not demonstrated their ability to prove a *prima facie* case."

Plaintiffs commenced the instant malpractice action, claiming that the value of their suit against the landlord far exceeded $12,000 and that defendants misled and coerced them into acceptance of the offer of compromise. Based upon the denial of plaintiffs' application to vacate the settlement, from which no appeal has been taken, defendants moved for summary judgment dismissing the complaint. The court quoted our decision in *Pacesetter Communications Corp. v Solin & Breindel* (150 AD2d 232, 233, *lv dismissed* 74 NY2d 892): "To prevail in an action for legal malpractice, the plaintiff must show that the attorney was negligent and that 'but for' the attorney's negligence the plaintiff would have prevailed in the underlying case." Relying upon the remark concerning the lack of a prima facie case, Supreme Court (Emily Goodman, J.)

granted the motion, finding that plaintiffs "are therefore precluded by the doctrine of collateral estoppel from establishing one of the two necessary elements of their claim against the defendant."

Plaintiffs appeal from this ruling, complaining that the assessment of the strength of their prima facie case was gratuitous and incidental to the decision denying their application to vacate the stipulation. We agree with plaintiffs that the order denying vacatur of the stipulation does not bar prosecution of the malpractice claim against defendants. We nevertheless affirm the order dismissing the complaint.

Essential to application of the collateral estoppel doctrine is that "an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, cert denied 488 US 1005; *see also, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659). The issue resolved is not the same as the one presented by the malpractice action. "In the prior action to vacate the settlement, the sole issue necessarily decided was that * * * there was no fraud, collusion, mistake or accident to vitiate the settlement (*see, Hallock v State of New York*, 64 NY2d 224, 230). At issue in the current action for legal malpractice, by contrast, is whether defendant attorneys were negligent in their representation of plaintiff. Because there is no identity of issue, plaintiff is not collaterally estopped in this action" (*Weiss v Manfredi*, 83 NY2d 974, 976).

As to the merits of plaintiffs' malpractice action, however, we agree with Supreme Court's ultimate conclusion. Plaintiffs have failed to establish that "but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome" (*Zarin v Reid & Priest*, 184 AD2d 385, 386; *Parker Chapin Flattau & Klimpl v Daelen Corp.*, 59 AD2d 375, 378-379). Plaintiffs' underlying action is based upon an alleged criminal assault by an unknown third party, but the record is devoid of evidence that the landlord knew or had reason to know that such an assault was likely by reason of prior criminal conduct on or about the premises. As notice is prerequisite to the imposition of liability upon the possessor of realty for the criminal acts of third parties (*see, Jacqueline S. v City of New York*, 81 NY2d 288; *Leyva v Riverbay Corp.*, 206 AD2d 150), the underlying action is deficient as a matter of law, precluding prosecution of this legal malpractice action (*Ellen v Lauer*, 210 AD2d 87, 90-91). Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.