■ Abraham D. Levy, as Administrator of the Estate of Alberto C. Concepcion, Also Known as Albert Concepcion, Deceased, Plaintiff, v City of New York, Appellant, and Algimiro Lopez, Respondent. [650 NYS2d 211] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about December 11, 1995, which directed that one current and one former employee of the New York City Police Department testify at a hearing on the issue of whether the scope of employment question was determined at defendant Algimiro Lopez' disciplinary hearing, thereby collaterally estopping the City from raising the issue in this underlying civil action, is unanimously reversed, on the law and the facts, without costs, and the order is vacated.

In order for the doctrine of collateral estoppel to be applicable, an issue in the present proceeding must be identical to that decided in the prior proceeding and the party against whom preclusion is sought must have been accorded a full and fair opportunity to contest the issue in that prior proceeding (*Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Katash v Richard Kranis, P. C.,* 229 AD2d 305). In addition, "[w]hile issue preclusion may arise from the determinations of administrative agencies, in that context the doctrine is applied more flexibly, and additional factors must be considered by the court" (*Allied Chem. v Niagara Mohawk Power Corp., supra,* at 276).

The Court of Appeals in *Allied Chem.* held that the court must first make a threshold determination that the agency has the statutory authority to act adjudicatively, and then whether the procedures used in the administrative proceeding assured that sufficient information was obtained and the issues were fully explored. The court must also decide whether the parties expected that the issue would be fully resolved in the proceeding and that they would be bound thereby, and whether giving preclusive effect to the agency's determination is consistent with the agency's scheme of administration (*supra,* at 276-277).

In the matter at bar, the issue of whether Officer Lopez was acting within the scope of his employment is not the same as

the issue determined in the police disciplinary proceeding, i.e., whether the officer was guilty of the charges brought against him, and we find that the officer's argument, that because he was found not to have violated a specific rule means he was acting within the scope of his employment, to be unpersuasive. Further, the Commissioner before whom the hearing was held testified that the scope of employment issue was not raised or addressed at the proceeding. Lastly, it cannot be said that the City had a full and fair opportunity to litigate the scope of employment issue as it was not even a party to the proceeding.

Accordingly, we find that the record, as it stands, is sufficient to conclude that the doctrine of collateral estoppel is inapplicable to the present situation. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.