■ CITY OF NEW YORK et al., Respondents, v DESIRE VIDEO et al., Appellants, et al., Defendants. [700 NYS2d 446] —Supplemental judgment and order (one paper), Supreme Court, New York County (Stephen Crane, J.), entered August 12, 1999, which, after an evidentiary hearing, *inter alia,* enjoined defendants-appellants from operating an adult bookstore from the ground floor premises of the building located at 68 Reade Street in New York County, directed that the premises be closed for one year, and directed defendants Desire Video, Inc., and Ygal Mizrahi to pay penalties to plaintiffs in the amount of $5,000 per day from February 25, 1999; and order, same court and Justice, entered May 26, 1999, granting plaintiffs' underlying motion to enforce the parties' Stipulation of Settlement, as incorporated, but not merged, into a judgment entered on or about December 17, 1998, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 26, 1999, which denied appellants' motion to reargue, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

On December 15, 1998, appellants, who were then operating an adult video store, located at 68 Reade Street in Manhattan in violation of New York City Zoning Resolution § 12-10, as

amended October 25, 1995, entered into a "so ordered" Stipulation of Settlement to abate the nuisance constituted by their store. A judgment incorporating the terms of the Stipulation of Settlement was entered on or about December 17, 1998. By order to show cause dated April 12, 1999, plaintiffs sought an order in accordance with the December 17, 1998 judgment, directing that the subject premises be closed for a period of one year, and directing that appellants pay a $5,000 per diem penalty upon the ground that appellants, notwithstanding the terms of their Stipulation of Settlement, continued to operate the subject premises as an adult video store, as determined by an inspection of the premises conducted on February 25, 1999. After an evidentiary hearing, the IAS Court, crediting the testimony of plaintiffs' building inspectors, found that there was clear and convincing evidence that some 77 percent of the subject store's stock in trade was comprised of adult videos, DVD's, CD's and magazines, which circumstance placed the appellants and their establishment in plain violation of Zoning Resolution § 12-10 and, accordingly, of the parties' Stipulation of Settlement, which provided, in relevant part, that no portion of the "premises" would be used as an adult establishment. Under Zoning Resolution § 12-10 (adult establishment) (a), "[a]n adult book store is a book store which has as a 'substantial portion' of its stock-in-trade * * * books, magazines, periodicals or other printed matter * * * or * * * photographs, films, motion pictures, videocassettes, slides or other visual representations which are characterized by an emphasis upon the depiction or description of 'specified sexual activities' or 'specified anatomical areas'." Having duly credited plaintiffs' evidence that some 77 percent of the stock in trade at the subject premises was comprised of adult materials as set forth in the Zoning Resolution, the IAS Court's consequent conclusion that appellants were operating an adult book store in violation of their Stipulation of Settlement and Zoning Resolution § 12-10 was unavoidable. Appellants' claim that there are circumstances in light of which plaintiffs should be estopped from enforcing the subject Zoning Resolution is without merit (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, *cert denied and appeal dismissed* 488 US 801). Nor do we perceive any basis to relieve appellants from the terms of the Stipulation into which they freely entered after consultation with their attorney (*see, Hallock v State of New York*, 64 NY2d 224; *1420 Concourse Corp. v Cruz*, 135 AD2d 371, *appeal dismissed* 73 NY2d 868).

We have reviewed appellants' remaining arguments and find them unavailing. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Friedman, JJ.