◼ CARRIE GRANT, Appellant-Respondent, v 30 EAST 85TH STREET CONDOMINIUM, Respondent-Appellant, et al., Defendants. [733 NYS2d 157] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about December 22, 2000, which, to the extent appealed and cross-appealed from, denied plaintiff's motion insofar as it sought specific performance of various testing and reporting requirements in the parties' stipulation and an award of liquidated delay damages in accordance with said stipulation, and denied defendant's cross motion for a declaration that the aforesaid liquidated damages provision is unenforceable and that the stipulation is invalid pursuant to CPLR 2104, unanimously modified, on the law, to declare the subject stipulation valid and its liquidated

damages provision enforceable and to grant plaintiff's motion to the extent of awarding damages pursuant to the formula set forth in the stipulation, and the matter remanded for further proceedings to calculate such damages, and otherwise affirmed, without costs.

We perceive no ground to relieve defendant condominium from payment of the liquidated damages to which it agreed in the parties' so-ordered stipulation (*see, 1420 Concourse Corp. v Cruz*, 135 AD2d 371, *appeal dismissed* 73 NY2d 868). Such damages are clearly appropriate where, as here, defendant condominium failed to perform its repair obligations under said stipulation for over a year and has offered no basis for concluding that damages of approximately $350 per day, as provided in the stipulation, are disproportionate to the injury actually suffered by plaintiff, whose apartment, by reason of defendant's default in the performance of the repairs to which it had agreed, was subject to chronic leaks. Plaintiff's request for specific performance of the testing and repair requirements set forth in the stipulation was, however, properly denied since, at the time of plaintiff's request, there were no current leaks into her apartment and there was no indication that further leaks were imminent.

Contrary to defendant condominium's contention, the stipulation is not violative of its by-laws. Indeed, the stipulation expressly affirms the condominium by-laws and otherwise deals only with matters typically within the discretion of the condominium board and its officers. Nor is there merit to defendant's argument that the condominium's president lacked authority to bind it to the stipulation. In signing the so-ordered stipulation along with defendant condominium's litigation counsel and after consultation with such counsel, the condominium president had at least apparent authority to bind the condominium, and the condominium was thus bound (*see, 1420 Concourse Corp. v Cruz*, 175 AD2d 747, 749-750).

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Ellerin, Buckley and Marlow, JJ.