*31 OPINION OF THE COURT
Per Curiam.
Order, dated February 7, 2006, reversed, with $10 costs, motion granted, stipulation and final judgment vacated, and matter remanded to Civil Court for further proceedings.
In this nuisance holdover proceeding, a guardian ad litem (GAL) was appointed for tenant upon application of the Department of Social Services because tenant, who was 69 years old, mentally ill and blind, was incapable of adequately defending his rights. Two weeks later, the guardian entered into a stipulation providing for a judgment of possession in landlord’s favor, issuance of the warrant of eviction “forthwith” and a 30-day stay of execution of the warrant. The stipulation was executed even though the GAL did not meet with tenant or visit the apartment premises, and notwithstanding that the parties were aware that Adult Protective Services intended to commence a Mental Hygiene Law article 81 proceeding for the appointment of a guardian on behalf of tenant. The article 81 proceeding was commenced two months later and resulted in the appointment of a guardian for the person and property of tenant.
In light of these particular circumstances, we favorably exercise our discretion and grant the motion to vacate the stipulation and final judgment. In the absence of any concrete plan in place to relocate the elderly infirm tenant, the one-sided stipulation terminating his 30-year rent-stabilized tenancy with a 30-day stay of the warrant of eviction, should not be permitted to stand, especially considering that the parties were aware that the commencement of an article 81 proceeding was imminent (see Matter of Aho, 39 NY2d 241, 246-248 [1976]; Matter of Sills v Fleet Natl. Bank, 32 AD3d 1157 [2006]). Good cause to vacate the stipulation is demonstrated where, as here, it appears that a party has “inadvertently, inadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice” (Matter of Frutiger, 29 NY2d 143, 150 [1971] [internal quotation marks omitted]). In light of the court’s “continuing obligation to supervise the guardian ad litem’s work ... its ultimate responsibility for the GAL’s determinations . . . and its responsibility, in particular, for overseeing settlements of proceedings involving those who are unable to *32 defend themselves” (New York City Hous. Auth. v Jackson, 13 Misc 3d 141[A], 2006 NY Slip Op 52265[U], *2 [2006] [citations and internal quotation marks omitted]), we vacate the stipulation as inadvisably entered into and remand for further proceedings.
McKeon, EJ., McCooe and Schoenfeld, JJ., concur.