OPINION OF THE COURT
Javier E. Vargas, J.
The motion by respondent Rosilyn George (tenant) for, inter alia, leave to file an amended answer and for vacatur of stipulations of settlement in the instant nonpayment proceeding is granted, and the matter is hereby adjourned for further proceedings.
For over 33 years, tenant has resided in the subject project-based Section 8 subsidized U.S. Department of Housing and Urban Development (HUD) building, known as 1105-25 Anderson Avenue, apartment BC, in the Bronx, New York, and managed by petitioner Alliance Housing II Associates (landlord). To benefit from the Section 8 program, tenant has been required to recertify each year to confirm her continuous eligibility for her lower subsidized rent, which is calculated based on her family’s composition and income. Tenant currently resides with her adult son, Anthony George, and their sole source of income is public assistance from the New York City Human Resources Administration (HRA), which income yielded a rent share for her of only $122 out of the $1,243 rent per month as of her last recertification of March 1, 2012. It appears, however, that tenant, who is a homebound senior citizen *885 with severe depressive episodes, failed to recertify her eligibility for the year 2013.
As a result, on February 20, 2014, landlord served upon tenant a “Ten-Day Notice to Federally Subsidized Tenant for Material Non-Compliance of the Lease, Pursuant to HUD Regulations and Concurrent Demand for Rent,” alleging that her tenancy will be terminated for her failure to make timely rent payments, then amounting to $13,452 owed between March 2013 and February 2014 at a monthly rent of $1,243, which amount had to be paid within 10 days, on March 4, 2014, under penalty of the commencement of an eviction proceeding. Tenant failed to pay that amount, prompting landlord’s commencement of the instant nonpayment proceeding against her, by notice of petition and petition filed March 31, 2014, to recover possession of the premises, rent arrears of over $14,553, and reasonable costs and legal fees, alleging that tenant has failed to timely pay her arrears. Relevantly, landlord described the building regulatory status as “subject to Rent Stabilization Law and the rent does not exceed the lawfully stabilized rent permitted under the Law. The Apartment is now subject to the Omnibus Housing Act of 1983 and is registered with [NY State Division of Housing and Community Renewal] DHCR.”
By answer dated April 11, 2014, tenant’s son, Anthony George, answered the petition generally denying most of the allegations therein and stating that “the rent, or a part of the rent, has already been paid to the [landlord].” Despite the answer, on the appearance date of April 22, 2014, neither tenant nor her son appeared and a default final judgment of possession (Kullas, J.) was entered in favor of the landlord and against her in the total sum of $14,553.
By order to show cause dated June 25, 2014, tenant moved for vacatur of her default and final judgment pursuant to CPLR 5015. On the return date of the motion of July 11, 2014, and following a description of tenant’s advanced age and depression, the Housing Court (Breier, J.) referred tenant for an evaluation by Adult Protective Services (APS) and appointed Della Dekay, Esq., as her guardian ad litem (GAL), while adjourning the matter for all purposes to August 13, 2014, and then to September 18, 2014. On that date, the parties agreed with the permission of the GAL, by so-ordered stipulation of settlement (Pinckney, J.), to afford tenant until October 18, 2014 to pay rent arrears then amounting to $22,011.
Unfortunately, no payment was made and a warrant of eviction followed, prompting the GAL to move, by order to show *886 cause dated November 6, 2014, for a stay of the execution of the warrant, claiming that tenant was securing the reinstatement of her Section 8 benefits and applying for a One Shot Deal loan from HRA. By stipulation of settlement dated November 21, 2014, the parties agreed to further give tenant until December 12, 2014 to pay arrears then amounting to $24,497. Following two further orders to show cause and over landlord’s written opposition, the court (Pinckney, J.), by short form orders dated January 16, 2015 and March 12, 2015, respectively, granted tenant further extensions of time until March 31, 2015 to pay arrears of $28,129.
However, by short form order dated April 21, 2015, this court denied tenant’s subsequent order to show cause, following reports that she had not cooperated with the GAL, despite her continuous efforts, nor completed any application for help with HRA or any other agency. According to the GAL, although tenant and her son would start the application process with her assistance, they would inevitably fail to cooperate with her or further the application process along by attending appointments, or providing necessary documents to complete it. Another order to show cause followed on April 30, 2015, wherein tenant’s son moved for a further extension of the warrant of eviction on the grounds that he was working with BronxWorks to resolve their housing crisis, and that tenant had been admitted to the psychiatric ward of Bronx-Lebanon Hospital “for attempting to commit suicide due to her severe depression.” After hearing from the GAL, learning that tenant had been released from the hospital, and reading landlord’s strong opposition papers, by short form order dated May 21, 2015, this court denied a further extension because tenant showed no ability to pay substantial arrears of $30,615, had not submitted any completed agency applications, had made no payment of her rent for over one year, and had stymied APS and the GAL in their efforts to assist her in this long-standing and tortured proceeding.
After retaining Legal Services NYC-Bronx, tenant moves, by order to show cause returnable June 16, 2015, for an order: (1) vacating the final judgment, the September 18, 2014 stipulation and all subsequent stipulations; (2) granting tenant leave to interpose an amended answer pursuant to CPLR 3025 (b); and (3) dismissing the proceeding on the grounds that the petition fails to correctly and sufficiently plead the regulatory status of the premises in accordance to RPAPL 741 (4), and *887 that landlord additionally failed to comply with federal procedural due process protections and with other conditions precedent to commencing this proceeding as required by the Code of Federal Regulations, 24 CFR 5.657 (b). In support of her motion, tenant documents that she suffers from severe depression which makes her homebound and incapable of attending to appointments or other HRA requirements, and that she “faces imminent eviction as a direct result of an agreement entered into by the court-appointed Guardian ad Litem that was clearly and evidently impossible to comply with,” that the stipulation was not agreed upon by tenant, and that the GAL’s “actions were contrary to the interest of her ward and put [her] on an inevitable course to eviction.” She also alleges that landlord has failed to specify that tenant’s tenancy is not only subject to Rent Stabilization Laws, but also to the rules and regulations of the CFR.
In opposition, landlord counters that tenant’s motion should be denied in its entirety because she has continuously been competently represented by the GAL — who is herself an attorney — in this old proceeding, and has been given all opportunities by landlord and the court to apply for assistance and catch up with her exorbitant rent arrears, now amounting to $31,858. Landlord also argues that tenant’s complaints about the petition’s sufficiency and its alleged failure to comply with the CFR regulations have been waived by her continuous participation in the proceeding and that, in any event, the petition sufficiently identifies the regulatory status of the premises as rent stabilized. This court disagrees.
It should be noted that, prior to the submission of the motion, the GAL orally applied to be relieved as guardian based on the aspersions cast and allegations raised against her by tenant and her new counsel. By order dated June 18, 2015, this court granted the GAL’s application and relieved her from her duties, without prejudice to renew her appointment, “based on the fact that [tenant] is currently being represented [by counsel], that the Guardian has tried to [repeatedly] contact counsel and [tenant] without much success, and the fact that new counsel is questioning the GAL’s handling of the case.”
It is axiomatic that stipulations of settlement between parties on pending proceedings are binding contracts enforceable by the court and, as such, they are favored and will “not [be] lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Matter of Galasso, 35 NY2d 319, 321 [1974];
*888 Kelley v Chavez, 33 AD3d 590 [2d Dept 2006]). However, the court
“possesses the discretionary power to relieve parties from the consequences of a stipulation effected during litigation upon such terms as it deems just and, if the circumstances warrant, it may exercise such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it” (Genesis Holding, LLC v Watson, 5 Misc 3d 127[A], 2004 NY Slip Op 51218[U], *1 [2004]; see 1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987], appeal dismissed 73 NY2d 868 [1989]).
This applies a fortiori in situations, as here, involving a guardian ad litem and her ward. In light of the court’s “continuing obligation to supervise the guardian ad litem’s work . . . its ultimate responsibility for the GAL’s determinations . . . and its [judicial] responsibility, in particular, for overseeing settlements of proceedings involving those who are unable to defend themselves” (BML Realty Group v Samuels, 15 Misc 3d 30, 31-32 [App Term, 1st Dept 2007] [citations and internal quotation marks omitted], quoting New York City Hous. Auth. v Jackson, 13 Misc 3d 141 [A], 2006 NY Slip Op 52265[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), good cause could be demonstrated to vacate a stipulation by a ward represented by a GAL where it appears that the party has “inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his[/her] prejudice” (Matter of Frutiger, 29 NY2d 143, 150 [1971]).
Applying the foregoing principles to the matter at bar, tenant has demonstrated sufficient cause to invalidate the stipulation of settlement and vacate the final judgment and warrant of eviction, even though she had been represented by a GAL. Although it is uncontroverted that the court providently exercised its discretion in appointing the GAL for tenant herein, it should be noted that the appointment of the GAL herein is not being remunerated and she is essentially a volunteer or amicus for the court. A GAL “is not a decision-making position; it is an appointment of assistance. The GAL provides invaluable service to the ward, such as applying for public assistance or arranging clean-ups” (1234 Broadway LLC v Feng Chai Lin, 25 Misc 3d 476, 495 [Civ Ct, NY County 2009, *889 Lebovits, J.]). It appears that the GAL was stymied in her efforts to assist tenant because of her clinical depression and the denial of assistance — financial or otherwise — by APS. While the GAL here accomplished a yeoman’s job in trying to get the indigent tenant to recertify for her Section 8 benefits and apply for financial assistance, the GAL could only accomplish so much given these limitations and the additional number of wards under her care. This is especially so when a GAL is faced with a tenant suffering from the pervasiveness and intractability of mental illnesses. It is undisputed that tenant — apparently under the cloud of her depression — assured the GAL that she was applying for assistance and trying to complete the recertification with the help of her son; but unbeknownst to the GAL, tenant had failed to complete those processes precisely due to her depression and her crippling inability to leave her home. Thus, tenant’s counsel’s attacks of the GAL’s actions in entering into stipulations of settlement staying the execution of the warrant and extending her time to pay the arrears, are unwarranted. The GAL, who has a history of dedicated service in this court, was understandably under the mistaken impression that tenant was helping herself and completing the process with her son.
However, this court cannot stand idly by and let the aforementioned stipulations march tenant down a path to an inevitable eviction given the indigence of tenant. It is this court’s ultimate judicial responsibility to supervise the GAL’s determinations and “oversee [ ] settlements of proceedings involving those who are unable to defend themselves” (BML Realty Group v Samuels, 15 Misc 3d at 31-32). The GAL’s duties focus on looking out for the ward’s best interests, “not by legally advising the ward or preparing legal documents for the ward, but rather by acting as a liaison with the ward’s best interests in mind” (New York City Hous. Auth. [Amsterdam Houses] v Richardson, 27 Misc 3d 1204[A], 2010 NY Slip Op 50547[U], *5 [Civ Ct, NY County 2010]). Pursuant to her legal responsibilities, tenant’s counsel has uncovered certain irregularities in the petition and the recertification notification process which amount to arguably meritorious defenses and give pause to this court. Counsel has offered her expertise in order to assist tenant in completing the recertification process in addition to helping her apply for a One Shot Deal and other HRA programs, with which Legal Services NYC-Bronx has more familiarity and unique experience than the GAL could *890 have. Under these circumstances, the stipulations of settlement, but not the judgment, are hereby vacated as inadvisably entered into (see id.).
Turning then to that portion of tenant’s motion to amend her verified answer, it is well-settled that leave to amend a pleading may be granted “at any time by leave of court . . . [and] shall be freely given upon such terms as may be just” (CPLR 3025 [b]; see NY City Civ Ct Act § 909). “[I]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d 220, 227 [2008], appeal withdrawn 12 NY3d 804 [2009], quoting G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99 [2007]; see Trataros Constr., Inc. v New York City Hous. Auth., 34 AD3d 451, 452-453 [2006]). Here, in light of the allegations and the possible forfeiture of the premises herein, tenant must be permitted to raise all applicable defenses which are not “palpably insufficient or patently devoid of merit.” Nor can landlord claim any prejudice or surprise by tenant’s challenge to the judgment and stipulations given its knowledge that she required the assistance of a GAL in a prior proceeding commenced against her as well as her undisputedly compromised status.
In accordance with the foregoing, tenant’s motion for leave to amend her answer, and to vacate the stipulations of settlement entered herein as inadvisable, is granted, and the proceeding is hereby adjourned to September 15, 2015, for further proceedings. The court has examined all other arguments and find them to be without merit.