Keith Ng, Respondent, April 6, 2016
against
Sandhya Chalasani, Appellant, -and- "JOHN DOE" and "JANE DOE", Undertenants.



Appeal from an order of the Civil Court of the City of New York, Queens County (Deighton S. Waithe, J.), dated July 18, 2013. The order denied tenant's motion to vacate a stipulation of settlement in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
Landlord obtained a default final judgment in a holdover summary proceeding based on the expiration of the parties' residential lease, and evicted tenant and her undertenants. Tenant subsequently successfully moved to vacate the default final judgment, and, four months later, after lengthy negotiations, landlord and tenant, both represented by counsel, executed a stipulation of settlement that provided for the waiver of unpaid rent and for compensation for lost personal property in exchange for mutual releases of all outstanding claims between the parties. A year later, tenant moved to vacate the stipulation on the grounds that she had been depressed, under stress, and pressured by her attorney when she entered into the stipulation of settlement; that there were irregularities in the predicate notices; and that the compensation set forth in the stipulation of settlement was inadequate. The Civil Court denied the motion, and tenant appeals. For the reasons that follow, we affirm the order.
It is well settled that stipulations of settlement "are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230 [1984]). As "independent contract[s] . . . subject to the principles of contract law" (Simmons v Simmons, 305 AD2d 661, 661 [2003]; Dreiss v Dreiss, 258 AD2d 499, 500 [1999] [same]), stipulations may be vacated only on grounds sufficient to invalidate a contract, such as "fraud, mistake, collusion or accident" (Nash v Yablon-Nash, 61 AD3d 832, 833 [2009]). "[T]he mere fact that it subsequently appears that the stipulation/settlement was a bad bargain does not warrant vacatur" (1420 Concourse Corp. v Cruz, 175 AD2d 747, 750 [1991]; see also Hill v Kelly, 180 AD2d 935, 936 [1992] ["Simply having second thoughts about the settlement will not suffice (to vacate a stipulation)"]), and tenant offered no facts which, if true, would support an inference that her valuation of the [*2]lost property, as expressed in the stipulation, was so inequitable as to warrant the vacatur of the stipulation (see Matter of Frutiger, 29 NY2d 143, 150 [1971]; Stevens v Stevens, 270 AD2d 248, 248 [2000]; Katash v Kranis, P.C., 229 AD2d 305, 305 [1996]). Further, insofar as tenant appears to claim that, due to depression, stress, and pressure from her attorney, she lacked the capacity to intelligently negotiate settlement terms, "case law makes clear that a person is presumed to be competent at the time of the performance of the challenged action and the burden of proving incompetence rests with the party asserting incapacity' " (Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1284 [2007], quoting Matter of Obermeier, 150 AD2d 863, 864 [1989]). Mere conclusory assertions of stress and depression are insufficient to establish that her mind was "so affected as to render h[er] wholly and absolutely incompetent to comprehend and understand the nature of the transaction" (Sears, 46 AD3d at 1284 [internal quotation marks and citation omitted]; see also Lukaszuk v Lukaszuk, 304 AD2d 625, 625 [2003]; Pender v LaSalle Bus Service, Inc., 28 Misc 3d 127[A], 2010 NY Slip Op 51175[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Citibank (SD) N.A. v Bissoon, 18 Misc 3d 127[A], 2007 NY Slip Op 51265[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). 
We note that tenant's remaining challenges, including with regard to service, were "waived by virtue of the stipulation of settlement" (Geraci v Jankowitz, 36 Misc 3d 135[A], 2012 NY Slip Op 51354[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order denying the motion to vacate the settlement stipulation is affirmed. Pesce, P.J., Weston and Solomon, JJ., concur. 
Decision Date: April 06, 2016