East Harlem Pilot Block HDFC, Inc., Petitioner-Landlord-Respondent, 
against
Keith Green, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Leticia M. Ramirez, J.), dated November 16, 2015, which denied his motion to vacate a stipulation of settlement and a prior default final judgment in a holdover summary proceeding.




Per Curiam.
Order (Leticia M. Ramirez, J.), entered November 16, 2015, reversed, with $10 costs, motion granted, stipulation, final judgment and prior default final judgment vacated, and matter remanded to Civil Court for further proceedings.
A default final judgment was entered against the unrepresented tenant when he failed to appear on the scheduled, April 7, 2015, trial date in this nuisance holdover proceeding. Upon tenant's order to show cause, a stipulation was executed that provided for vacatur of the prior default final judgment, and for entry of a new final judgment in favor of landlord, with a stay of execution of the warrant of eviction until August 31, 2015. Tenant, while still unrepresented, executed a second stipulation on July 19, 2015, which provided for an earlier execution of the warrant of eviction if he failed to make certain use and occupancy payments. Tenant subsequently retained counsel and moved to vacate the stipulations and prior default judgment, submitting evidence that he, though 20 years of age, still attends high school because he suffers from several specified intellectual and emotional disabilities that may have affected his ability to make a thoughtful and informed decision as to how to proceed in this matter, as well as evidence tending to show that he has ceased the conduct underlying the nuisance allegations.
In light of these particular circumstances, we favorably exercise our discretion and grant tenant's motion. Given tenant's intellectual and emotional maladies, and unrepresented status, the stipulation terminating his tenancy in a building he resided in for most of his life should not be permitted to stand. Good cause to vacate the stipulation is demonstrated where, as here, it appears that a party has "inadvertently, inadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice" (Matter of Frutiger, 29 NY2d 143, 150 [1971]; see BML Realty Group v Samuels, 15 Misc 3d 30 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 19, 2016