JMW 75 LLC, Petitioner-Landlord-Appellant, 
against
Claude Debs and Violaine Galland, Respondents-Tenants-Respondents, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from (1) those portions of an order of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), dated October 11, 2016, which granted tenants' motion for summary judgment on their first counterclaim and denied landlord's cross motion to dismiss that counterclaim in a holdover summary proceeding.




Per Curiam. 
Appeal from order (Michelle D. Schreiber, J.), dated October 11, 2016, deemed an appeal from the ensuing final judgment (same court and Judge), entered October 28, 2016, and so considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs. 
We perceive no ground to relieve landlord from payment of the liquidated damages to which its predecessor agreed in a prior so-ordered stipulation (see Grant v 30 E. 85th St. Condominium, 288 AD2d 92, 93 [2001]). "Where the parties, both represented by counsel, have freely entered into a stipulation of settlement in open court, such stipulation will generally be enforced unless public policy is affronted, that is, where judicial enforcement of such an agreement would be the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense" (1420 Concourse Corp. v Cruz, 135 AD2d 371, 372 [1987], appeal dismissed 73 NY2d 868 [1989]; see Hallock v State of New York, 64 NY2d 224 [1984]). "Unless public policy is affronted, parties to a civil dispute are free to chart their own litigation course and, in fashioning the basis upon which a particular controversy will be resolved, they may stipulate away statutory and even constitutional rights" (1420 Concourse Corp. v Cruz, 135 AD2d at 372, citing Mitchell v New York Hosp., 61NY2d 208, 214 [1984]). 
Landlord's contention that the liquidated damages provision constitutes an unenforceable penalty is unavailing. The liquidated damages clause was a bargained-for element in a multi-faceted so-ordered stipulation, which was the culmination of extensive arm's length [*2]negotiations between the parties, each represented by able and experienced counsel. Such an agreement is entitled to deference (see Addressing Sys. & Prods., Inc. v Friedman, 59 AD3d 359, 360 [2009]).
Among other things, the agreement acknowledged tenants' rent stabilized tenancy in five contiguous SRO units and provided landlord with an option to terminate the tenancy in exchange for payment of $3,500,000. The stipulation further provided that in the event landlord terminated the tenancy for nonpayment of rent, nuisance or breach of the lease, and obtained possession, tenants were not entitled to the $3,500,000 payment; however, if landlord attempted to terminate the lease on such grounds and failed, landlord was required to pay tenants the liquidated sum $250,000. The fact that the liquidated damages clause was designed to discourage landlord from bringing baseless proceedings in an effort to avoid the buyout obligation does not transform such provision "into a penalty merely because [it] operate[s] in this way as well, so long as [it is] not grossly out of scale with foreseeable losses" (Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006]).
Here, landlord has not presented sufficient proof to show that the fixed amount of liquidated damages was plainly or grossly disproportionate to foreseeable probable losses, which includes not only the cost of defending any proceeding but the risk of losing the $3,500,000 buyout payment. Indeed, landlord's predecessor stipulated that in the event of landlord's breach, tenant's damages "would be impossible to ascertain, and that the payment constitutes a fair and reasonable amount under the circumstances and is not a penalty."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 12, 2018