Roxborough Apartments Corp., Petitioner-Landlord
against
Maher Hussein, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated October 10, 2017, which denied his motion to vacate a stipulation of settlement and consent final judgment in a nonpayment summary proceeding.




Per Curiam.
Order (Jack Stoller, J.), dated October 10, 2017, affirmed, with $10 costs.
We find unavailing tenant's assertion that his former attorney lacked authority to enter into the July 7, 2017, two-attorney, so-ordered stipulation settling the underlying nonpayment summary proceeding. "Assuming arguendo that [the attorney] lacked the real authority to do so, as a matter of law, [he was] certainly clothed with apparent authority and the [landlord] reasonably relied upon that appearance of authority" (1420 Concourse Corp. v Cruz, 175 AD2d 747, 749 [1991], citing Hallock v State of New York, 64 NY2d 224, 231 [1984]). In this regard, counsel had already been representing tenant since at least April 2017, when he moved to adjourn the scheduled trial due to the hospitalization of tenant's initial counsel, and subsequently negotiated the underlying stipulation in open court.
Nor was any persuasive showing made that the stipulation was tainted by fraud, mutual mistake or any other basis for voiding a contract (see Hallock v State of New York, 64 NY2d at 230).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 21, 2018