Mautner-Glick Corporation and Carmine Limited, 570336/18 Petitioners-Landlords-Appellants,
against
Louis Acosta, Respondent-Tenant-Respondent, -and- "John Doe and/or Jane Doe," Respondents-Undertenants-Respondents.



Landlords appeal from an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), dated January 24, 2018, which granted tenant's motion to vacate a stipulation of settlement and consent judgment of possession and restored the case to the calendar, and denied landlords' cross motion to direct tenant to post an undertaking in a nonpayment summary proceeding.




Per Curiam.
Appeal from order (Anne Katz, J.), dated January 24, 2018, dismissed, without costs, as academic.
The January 24, 2018 order from which landlords appeal granted tenant's prompt motion to vacate a May 24, 2017 stipulation, wherein the pro se tenant, a disabled senior citizen, agreed to surrender possession of his rent stabilized apartment of approximately 40 years. The order also restored the underlying nonpayment proceeding to the calendar. By subsequent orders (Anne Katz, J.) entered July 13, 2018, of which we take judicial notice (see Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Jerome Prince, Richardson on Evidence § 2-209 at 45 [Farrell 11th ed 1995]), the proceeding was dismissed following tenant's tender of all outstanding arrears. At this juncture, and since there is now no proceeding pending, "a favorable ruling would not entitle [landlords] to any particular relief" (Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1197 [2013], quoting Matter of Ameillia RR. [Megan SS.], 95 AD3d 1525, 1526 [2012]) and we therefore dismiss the appeal. 
Were the appeal properly before us, we would affirm Civil Court's discretionary determination (see Matter of Frutiger, 29 NY2d 143, 150 [1971]; BML Realty Group v Samuels, 15 Misc 3d 30 [App Term, 1st Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2018