Summit Rest. Repairs & Sales, Inc. v New York City Dept. of Educ. (2022 NY Slip Op 00526)





Summit Rest. Repairs & Sales, Inc. v New York City Dept. of Educ.


2022 NY Slip Op 00526


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 651845/12 Appeal No. 15160-15160A Case No. 2020-04233 2021-01095 

[*1]Summit Rest. Repairs & Sales, Inc., Plaintiff-Appellant,
v
New York City Dept. of Educ., Defendant-Respondent. 


La Reddola, Lester & Associates, LLP, Garden City (Robert J. La Reddola of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrew S. Borrok, J.), entered March 11, 2021, in favor of defendant in the amount of $1,471,761.33, unanimously reversed, on the law, without costs, and the judgment vacated. Order, same court and Justice, entered October 1, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment dismissing the counterclaims and the affirmative defense based on liquidated damages, and in its favor on its cause of action for wrongful termination of contract, and granted defendant's motion for summary judgment dismissing the complaint and in its favor on its counterclaim for liquidated damages, unanimously modified, on the law, to deny defendant's motion for summary judgment in its entirety, and otherwise affirmed, without costs.
By participating in this litigation, including discovery, for seven years, defendant waived its right to compel plaintiff to submit its claims to the dispute resolution process called for under the parties' contract (see Sherrill v Grayco Blders., 64 NY2d 261, 273-274 [1985]; DeSapio v Kohlmeyer, 35 NY2d 402, 405-406 [1974]). Furthermore, we cannot conclude on the record before us that plaintiff's claim arose from the same transaction or series of transactions as the claims submitted to the dispute resolution officer so as to be precluded by the doctrine of res judicata (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Rojas v Romanoff, 186 AD3d 103, 107 [1st Dept 2020]).
Supreme Court properly denied both plaintiff's motion and defendant's cross motions for summary judgment on the cause of action for wrongful termination of contract. Plaintiff's default, which was presented to the dispute resolution officer, might have been a basis for defendant to terminate the contract. However, defendant acknowledged in internal emails that the notice of default letter forming the basis of the dispute was not a termination letter, and there had been "no official agency action regarding termination of the contract yet." Neither party was entitled to summary judgment because, on the record before us, it is unclear when and under what circumstances the contract was terminated, or indeed, whether it was terminated at all.
There are also issues of fact as to whether plaintiff's submission of fabricated letters to comply with its contractual obligations was a central or dominant part of the parties' course of conduct, barring plaintiff from recovering under the contract (see McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 471 [1960]).
Finally, Supreme Court should have denied summary judgment in defendant's favor on the liquidated damages counterclaim. To be sure, the liquidated damages provision of the contract, providing for damages of $100 for each day that plaintiff failed to timely respond to a request for repairs or to complete repairs already begun and $100 for failing to timely provide a written estimate, was not an unenforceable penalty[*2](see Bates Adv. USA v 498 Seventh, 291 AD2d 179, 183 [1st Dept 2002]; Grant v 30 E. 85th St. Condominium, 288 AD2d 92, 93 [1st Dept 2001]). However, to the extent defendant has withheld payment from plaintiff for work performed to offset liquidated damages, the award of liquidated damages constitutes a double recovery.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022