420 E. 80th LLC v Coles (2025 NY Slip Op 50767(U))

[*1]

420 E. 80th LLC v Coles

2025 NY Slip Op 50767(U) [85 Misc 3d 143(A)]

Decided on May 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570229/25

420 East 80th LLC,
Petitioner-Appellant,
against
Allison Coles, Respondent-Respondent, and "John Doe"
and "Jane Doe," Respondents.

Petitioner-appellant appeals from an order of the Civil Court of the City of New
York, New York County (Ilana J. Marcus, J.), entered May 16, 2023, which granted
respondent Allison Coles's motion to vacate a stipulation of settlement in a holdover
summary proceeding.

Per Curiam.
Order (Ilana J. Marcus, J.), entered May 16, 2023, affirmed, with $10 costs.
Civil Court properly exercised its discretion to vacate the so-ordered stipulation
entered into by the then-pro se respondent Allison Coles in this "commercial" holdover
proceeding relating to a parking space in petitioner's residential apartment building.
Although stipulations of settlement are judicially favored and not lightly cast aside
(Hallock v State of New York, 64 NY2d 224 [1984]), the court possesses the
discretionary authority to relieve parties from the consequences of a stipulation "if it
appears that the stipulation was entered into inadvisedly or that it would be inequitable to
hold the parties to it" (1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987],
appeal dismissed 73 NY2d 868 [1989], citing Matter of Frutiger, 29
NY2d 143, 150 [1971]).
In this case, respondent Coles, now represented by counsel, demonstrated potentially
meritorious defenses to this proceeding, including that the parking space at issue may be
an ancillary service provided to her deceased uncle's rent-stabilization tenancy for which
she intends to claim succession (see Royal Terrace Assoc. LP v Singh, 39 Misc
3d 135[A], 2013 NY Slip Op 50582[U] [App Term, 1st Dept 2013]) and whether the
deceased tenant's estate should have been named as a necessary party since his last lease
renewal had not yet expired (see Joint Props. Owners v Deri, 113 AD2d 691
[1986]). These defenses should not be deemed forfeited by respondent's uncounseled
decision to consent to judgment (see Tabak Assoc., LLC v Vargas, 48 Misc 3d 143[A], 2015
NY Slip Op 51314[U] [App Term, 1st Dept 2015]).
In affirming the court's discretionary determination, we express no view as to the
ultimate [*2]outcome of the proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 15, 2025