PWV Acquisition Owner LLC v Montes de Oca (2025 NY Slip Op 51895(U))

[*1]

PWV Acquisition Owner LLC v Montes de Oca

2025 NY Slip Op 51895(U)

Decided on December 2, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571176/25

PWV Acquisition Owner LLC, Petitioner-Landlord-Respondent, 
against
Aurora Montes de Oca, Respondent-Appellant, and Lillian Adams, Justin Dutzer, Adam Dutzer and Olivia Dutzer, Respondents.

Respondents Aurora Montes de Oca and Lillian Adams appeal from that portion of an order of the Civil Court of the City of New York, New York County (Vanessa Fang, J.), dated September 13, 2024, which denied respondent Montes de Oca's motion to vacate a stipulation of settlement and a consent final judgment of possession in a holdover summary proceeding. Respondents Montes de Oca, Adams, Justin Dutzer, Evan Dutzer and Olivia Dutzer, appeal that portion of an order of the same court (Adam R. Meyers, J.), dated March 1, 2025, which granted petitioner's cross-motion to amend the petition to add additional party respondents.

Per Curiam.
Order (Vanessa Fang, J.), dated September 13, 2024, reversed, with $10 costs, motion granted, stipulation and final judgment vacated, and matter remanded for further proceedings. Order (Adam R. Meyers, J.), dated March 1, 2025, affirmed, without costs.
Civil Court providently exercised its discretion in granting petitioner's motion to amend the holdover petition to add the three adult children of respondent Aurora Montes de Oca as party respondents (see Triborough Bridge & Tunnel Auth. v Wimpfheimer, 165 Misc 2d 584, 585-586 [App Term, 1st Dept 1995]).
We take judicial notice of the answer filed by the newly added respondents, since it was e-filed via NYSCEF (see Ninth Space LLC v Goldman, 189 AD3d 686, 686 [2020]; Perez v New York City Hous. Auth., 47 AD3d 505, 505 [2008]). This answer adequately alleges that the premises was improperly deregulated based upon the now-repealed provisions of the Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504.2 (a), referred to as high-rent vacancy destabilization. Specifically, the new respondents allege that deregulation was the result of improper individual apartment improvements [IAI] and related rent increases. In the event the apartment was improperly deregulated, respondents should have the opportunity to [*2]establish a fraudulent scheme to regulate under the totality of the circumstances approach that now applies to all pending claims (L 2024, ch 95; see Cox v 36 S Oxford St, LLC, 237 AD3d 604, 606 [2025]). 
Although respondent Montes de Oca previously entered into a stipulation withdrawing her defense that the apartment was improperly deregulated and consenting to a possessory judgment in petitioner's favor, the newly added respondents were not parties to the stipulation and are not bound by it. 
With respect to the motion by respondent Montes de Oca to vacate the stipulation, we agree with Civil Court that respondent failed to demonstrate any fraud, collusion, mistake or accident (see Hallock v State of New York, 64 NY2d 224 [1984]). However, in the unique circumstances of this case, we exercise our discretionary authority to relieve Montes de Oca from the consequences of the stipulation, since "it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987], app dismissed 73 NY2d 868 [1989], citing Matter of Frutiger, 29 NY2d 143, 150 [1971]). Given that the rent regulation issue will be litigated in this proceeding by her children, it would be inequitable to enforce the stipulation and allow Montes de Oca to be evicted, while her children remain in possession and litigate the regulatory status of the apartment. Accordingly, we favorably exercise our discretion and grant the motion to vacate the stipulation as inadvisedly entered into and remand for further proceedings (see 420 E. 80th LLC v Coles, 85 Misc 3d 143[A], 2025 NY Slip Op 50767[U] [App Term, 1st Dept 2025]; BML Realty Group v Samuels, 15 Misc 3d 30, 32 [App Term, 1st Dept 2007]). In so reversing, we express no view as to the ultimate outcome on the merits.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 2, 2025